E-filing

ORIGINAL FILED
08 SEP 10  AM 10: 50
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  Bill Lann Lee – CA State Bar No. 108452
   Julia Campins – CA State Bar No. 238023
2  LEWIS, FEINBERG, LEE, RENAKER & JACKSON, P.C.
   1330 Broadway, Suite 1800
3  Oakland, CA  94612
   Telephone: (510) 839-6824
4  Facsimile:  (510) 839-7839
   Email: blee@lewisfeinberg.com
5  Email: jcampins@lewisfeinberg.com

6  Timothy P. Fox – CA State Bar No. 157750
   Fox & Robertson, P.C.
7  3801 East Florida Ave., Suite 400
   Denver, CO 80210
8  Telephone: (303) 595-9700
   Facsimile & TTY: (877) 595-9706
9  Email: tfox@foxrob.com

10  [Additional Counsel Listed Below]

11  *Attorneys for Plaintiff*

12
                IN THE UNITED STATES DISTRICT COURT
13
               FOR THE NORTHERN DISTRICT OF CALIFORNIA
14

15  MIGUEL CASTANEDA on behalf of himself   )   Case No. _____
16  and others similarly situated,          )
                                            )   **COMPLAINT**
17              Plaintiff,                   )
                                            )
18         vs.                              )   [CLASS ACTION]
                                            )
19  BURGER KING CORPORATION and             )
    BURGER KING HOLDINGS, INC.,             )
20                                          )
                Defendants.                 )
21                                          )
                                            )
22  _____)

23                      **INTRODUCTION**

24      1.      Burger King is a national corporation with approximately 90 restaurants in the

25  State of California that it leases and/or subleases to franchises.  Although Burger King

26  COMPLAINT [CASE NO._____]

1  promises to treat its customers as "Kings" and encourages its customers to "Have it your way,"

2  Burger King treats customers who use wheelchairs and scooters as commoners who must have

3  it Burger King's way or not at all.  This proposed class action alleges that Burger King has

4  violated federal and state laws by denying customers who use wheelchairs and scooters access

5  to restaurant services by imposing architectural or design barriers and discriminatory policies

6  or practices.

7       2.    These unlawful barriers include inaccessible parking lots, entry and restroom

8  doors that are too heavy, queue lines (the lines that customers wait in to order) that are too

9  narrow for wheelchairs, inaccessible dining areas, and inaccessible restrooms.  The

10  discriminatory policies and practices include failing to maintain the accessibility of restaurants,

11  and requiring franchisees to operate, build and remodel their restaurants in a manner that

12  violates accessibility laws and regulations.

13       3.    This complaint seeks injunctive relief to remove these barriers, and correct the

14  discriminatory policies and practices, so that Plaintiff and the class he represents can have full

15  and equal enjoyment of Burger King restaurants.  The complaint also seeks statutory minimum

16  damages to compensate customers for these barriers to access.

17       4.    Burger King restaurants in California are inaccessible to customers who use

18  wheelchairs or scooters notwithstanding that persons with disabilities have been guaranteed

19  equal access to restaurants and other facilities for almost 20 years by federal law, and for

20  almost 40 years by California state law.  Moreover, after being sued for access violations a

21  decade ago, Burger King promised to survey and fix accessibility barriers in its restaurants.  It

22  did not do so.

### JURISDICTION AND VENUE

23

24       5.    Plaintiff's claims arise under Title III of the Americans with Disabilities Act, 42

25  U.S.C. § 12181, et seq., ("ADA"), the Unruh Civil Rights Act, Cal. Civ. Code, § 51, et seq.

26  COMPLAINT [CASE NO._____]

-2-

1   ("the Unruh Act"), and the California Disabled Persons Act, Cal. Civ. Code, § 54, et seq. (the

2   "CDPA").

3       6.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.

4   §§ 1331, 1332 and 1343, and pursuant to its supplemental jurisdiction over Plaintiff's claims

5   brought under the laws of the State of California. In addition, the matter in controversy here

6   exceeds $5,000,000 and there are members of the proposed class who are citizens of states

7   different from Defendants. Therefore, this Court has diversity jurisdiction over the claims of

8   the class pursuant to 28 U.S.C. § 1332(d)(2).

9       7.      The Court may grant declaratory and other relief pursuant to 28 U.S.C. §§ 2201

10  and 2202. Money damages alone are inadequate, and Plaintiff and class members suffer and

11  will continue to suffer irreparable injury.

12      8.      Venue is proper within this District pursuant to 28 U.S.C. § 1391(b).

13                          **INTRADISTRICT ASSIGNMENT**

14      9.      This action arises in Contra Costa County and thus should be assigned to the

15  San Francisco or Oakland Division.

16                                  **PARTIES**

17      10.     Plaintiff Miguel Castaneda is and has been at all times material hereto a resident

18  of the State of California. Plaintiff Castaneda is a person with incomplete quadriplegia who

19  uses a wheelchair for mobility. He has a disability within the meaning of the ADA, 42 U.S.C.

20  § 12102(2)(A), and a physical disability as that term is defined in applicable California law,

21  including California Government Code section 12926. Plaintiff Castaneda has patronized

22  Burger King restaurants in California in the past and intends to continue to patronize those

23  restaurants in the future.

24      11.     Defendant Burger King Holdings, Inc. (BKH) is a corporation incorporated

25  under the laws of Delaware. BKH is registered with the Florida Secretary of State as having its

26  COMPLAINT [CASE NO._____]

                                    -3-

1  principal place of business at 5505 Blue Lagoon Drive, Miami, Florida 33126. BKH is the

2  parent corporation of Burger King Corporation (BKC), a corporation incorporated under the

3  laws of Florida, with its principal place of business at 5505 Blue Lagoon Drive, Miami, Florida

4  33126. BKC franchises, leases (or leases to), and operates fast food hamburger restaurants,

5  principally under the Burger King brand, in California.

6      12.    BKH and BKC both operate out of the same office in Miami, Florida. They also

7  share many directors and officers. BKH and BKC (collectively "Burger King") together

8  operate or control Burger King restaurants throughout the country. This action concerns the

9  approximately 90 Burger King restaurants in California that Burger King leases to or from

10  other entities ("California Restaurants").

11                          **CLASS ACTION ALLEGATIONS**

12     13.    Plaintiff Castaneda seeks to maintain this action as a class action under Rule

13  23(b)(2) and/or Rule 23(b)(3) of the Federal Rules of Civil Procedure. The class consists of all

14  individuals with manual and/or mobility disabilities who use wheelchairs or electric scooters

15  and who were denied during the liability period, or are currently being denied, on the basis of

16  disability, full and equal enjoyment of the goods, services, facilities, privileges, advantages, or

17  accommodations in any California Restaurant.

18     14.    The class identified in paragraph 13 is believed to consist of at least several

19  thousand members who are dispersed across the State of California. Joinder of all of such class

20  members in this lawsuit is impracticable.

21     15.    There are numerous questions of law and fact common to the class, including

22  without limitation, the following:

23          a.    Whether Burger King's California Restaurants are "public

24                accommodations" under the ADA;

25          b.    Whether Burger King's California Restaurants are "business

26  COMPLAINT [CASE NO._____]
                                          -4-

1    establishments" under the Unruh Act;

2        c.    Whether Burger King's California Restaurants are "places of public

3            accommodation" or "places to which the general public is invited" under

4            the CDPA;

5        d.    Whether Defendants in their California Restaurants deny the full and

6            equal enjoyment of their goods, services, facilities, privileges,

7            advantages, or accommodations to people who use wheelchairs in

8            violation of the ADA;

9        e.    Whether Defendants in their California Restaurants deny full and equal

10           accommodations, advantages, facilities, privileges, or services to people

11           who use wheelchairs, in violation of the Unruh Act;

12       f.    Whether Defendants in their California Restaurants deny full and equal

13           access to accommodations, advantages and facilities to people who use

14           wheelchairs, in violation of the CDPA;

15       g.    Whether alleged violations of the ADA create independent violations of

16           the Unruh Act and the CDPA;

17       h.    What measures are legally required to bring Burger King's California

18           Restaurants into compliance with the ADA, the Unruh Act and the

19           CDPA; and

20       i.    Whether the design features at issue in this case -- which exist at many

21           Burger King restaurants -- violate state or federal law.

22       16.    The Plaintiff's claims are typical of the claims of the members of the class.  He

23   -- like all other members of the class -- uses a wheelchair or scooter for mobility and claims

24   that Burger King has violated the ADA, the Unruh Act, and/or the CDPA by failing to make

25   the California Restaurants accessible to the class of people who use wheelchairs or scooters.

26   COMPLAINT [CASE NO._____]

                                                             -5-

17.     Plaintiff will fairly and adequately protect the interests of the class because he has retained counsel with extensive experience in litigation, including class action litigation, and because Plaintiff has no interests that conflict in any way with those of the class.

18.     This action may be maintained as a class action pursuant to Rule 23(b)(2) because Burger King's violations of the ADA, the Unruh Act, and the CDPA are applicable to all members of the class.  Therefore, an injunction requiring compliance with the ADA, the Unruh Act, and the CDPA is appropriate and the primary relief sought is injunctive relief.

19.     This action may be maintained as a class action pursuant to Rule 23(b)(3) because the many questions of law and fact that are common to class members clearly predominate over individual questions affecting members of the class.  The common issues of law and fact relate to issues central to the case, such as whether Burger King's California Restaurants are public accommodations and business establishments, whether removing or widening the narrow queue lines, lowering counters, and remedying other barriers, as well as modifying Burger King's policies and practices and other measures, are required to comply with the ADA, Unruh Act, and/or the CDPA.

20.     Judicial economy will be served by maintenance of this lawsuit as a class action in that it is likely to avoid the burden that would be otherwise placed upon the judicial system by the filing of numerous similar suits by people with disabilities in the State of California.

21.     Maintaining this lawsuit as a class action will also avoid the risk of inconsistent outcomes if class members were forced to bring individual actions in various forums.

22.     There are no obstacles to effective and efficient management of this lawsuit as a class action by this Court.

### STATEMENT OF FACTS

23.     Burger King leases or leases to approximately 90 restaurants in California.  On information and belief, and as described below, it also operates or controls those restaurants, in

COMPLAINT [CASE NO._____]

-6-

1   whole or in part.

2        24.    These 90 restaurants influence how the approximately 500 other Burger King

3   restaurants in California are operated.

4        25.    Some or all of the California Restaurants, on information and belief, were built

5   according to one of a limited number of architectural design prototypes developed by Burger

6   King. As such, the discriminatory design features encountered by Plaintiffs, as described and

7   alleged below, recur in the California Restaurants.

8        26.    In addition, on information and belief, Burger King exercises substantial control

9   over some or all of the California Restaurants, including control over the development, design,

10  alteration, remodel, maintenance, and operation of such restaurants.

11       27.    For example, on information and belief, Burger King has entered into

12  development agreements requiring construction of some or all of the California Restaurants in

13  accordance with Burger King's latest designs.

14       28.    On information and belief, Burger King has provided building plans and

15  specifications used to construct some or all of the California Restaurants.

16       29.    On information and belief, Burger King's construction teams have aided in

17  designing and building some or all of the California Restaurants.

18       30.    On information and belief, some or all of the California Restaurants were

19  contractually required to be, and were, remodeled in conformance with Burger King's

20  construction and design plans and specifications.

21       31.    On information and belief, some or all of the California Restaurants engaged in

22  "re-imaging" programs, performed in accordance with Burger King's designs and

23  specifications.

24       32.    On information and belief, some or all California Restaurants are required to

25  comply with Burger King's Manual of Operating Data ("MOD"), which contains official

26  COMPLAINT [CASE NO._____]

-7-

1   mandatory restaurant operating standards, specifications and procedures.

2        33.    On information and belief, the MOD contains highly detailed requirements for

3   the operation, design, signage, interior decor, equipment systems, and various other items in

4   Burger King restaurants.

5        34.    On information and belief, some or all Burger King's California Restaurants are

6   required to be repaired and maintained in accordance with standards established and controlled

7   by Burger King.

8        35.    On information and belief, by contract, the employee training programs in some

9   or all of Burger King's California Restaurants must conform to training standards and

10   procedures prescribed by Burger King.

11        36.    On information and belief, Burger King conducts scheduled and unscheduled

12   inspections of some or all of the California Restaurants to ensure that they are being operated

13   in compliance with the various operational and other requirements set forth herein.

14        37.    Since January 26, 1992, the date when the ADA regulations governing

15   alterations went into effect, some or all of the California Restaurants have undergone

16   alterations, as that term is used in the ADA, that affected, or could have affected, the usability

17   of part or all of those restaurants.

18        38.    Since July 1, 1970, the date when California state access regulations went into

19   effect, some or all of the California Restaurants have undergone alterations, structural repairs

20   and/or additions, as those terms are used in California law, including without limitation Cal.

21   Health & Safety Code § 19959.

22        39.    In 1997, Burger King settled Day v. Republic Foods, Inc., No. 95-1317CV

23   (D.D.C.), a case in which the U.S. Department of Justice submitted an amicus brief in support

24   of the plaintiff.  The Day case alleged violations of the ADA parallel to those alleged in this

25   complaint.  The settlement required Burger King to survey and remedy ADA violations in its

26   COMPLAINT [CASE NO._____]

-8-

1  corporate-owned restaurants throughout the country, to notify franchisees of their obligation to

2  comply with the ADA, to provide franchisees with a survey instrument to survey their

3  restaurants, and to give franchisees training materials and free technical assistance in bringing

4  their restaurants in compliance with the ADA.  Burger King therefore knew or should have

5  known of the requirements of the ADA and its failure, to that date, to comply with those

6  requirements.

7        40.     In addition, in the 1990s, the Department of Justice reached a highly publicized

8  settlement with the Wendy's restaurant chain, which made clear that the Department of Justice

9  believed that inaccessible queue lines -- such as those found in many of Burger King's

10  California Restaurants -- violate the ADA, and required Wendy's to make its queue lines

11  accessible.

12        41.     Plaintiff Castaneda has patronized several Burger King restaurants in California,

13  including Burger King restaurants located at 677 Contra Costa Boulevard, in Pleasant Hill, and

14  2162 Railroad Avenue, in Pittsburg within the last twelve months.  The Pleasant Hill and

15  Pittsburg restaurants, on information and belief, are leased to and/or from Burger King.

16        42.     At Burger King's California Restaurants, Mr. Castaneda has encountered

17  numerous barriers to access, including for example entry and restroom doors that were very

18  difficult to open, parking lots with insufficient or inadequate accessible parking spots,

19  inaccessible restrooms, narrow or steep sidewalks/ramps, queue lines that were too narrow for

20  his wheelchair to navigate, and soda machines and condiments that were difficult for him to

21  reach.

22        43.     These barriers to access have denied Mr. Castaneda full and equal access to, and

23  enjoyment of, the goods and services of Burger King, and have been frustrating and injurious to

24  Mr. Castaneda's dignity.

25        44.     On information and belief, Burger King has engaged in intentional

26  COMPLAINT [CASE NO._____]

-9-

1    discrimination, including but is not limited to:

2              a.    designing, constructing, implementing and maintaining policies,

3                    practices, procedures and barriers that discriminate against members of

4                    the putative class with knowledge of such discrimination and/or

5              b.    designing, constructing, implementing and maintaining policies,

6                    practices, procedures and barriers that are sufficiently intuitive and/or

7                    obvious as to constitute intentional conduct; and/or

8              c.    failing to act in the face of the substantial likelihood of harm to class

9                    members' rights protected under federal and state law.

10                        **FIRST CLAIM FOR RELIEF**
                          **(Americans with Disabilities Act)**

11       45.    Plaintiff realleges and incorporates by reference the allegations set forth in the

12   remainder of this Complaint as if fully set forth herein.

13       46.    Title III of the ADA provides that "No individual shall be discriminated against

14   on the basis of disability in the full and equal enjoyment of the goods, services, facilities,

15   privileges, advantages, or accommodations of any place of public accommodation by any

16   person who owns, leases (or leases to), or operates a place of public accommodation." 42

17   U.S.C. § 12182(a).

18       47.    Burger King's California Restaurants are leased to or from Burger King

19       48.    Burger King's California Restaurants are places of public accommodation.  42

20   U.S.C. § 12181(7)(B).

21       49.    Burger King has discriminated against Plaintiff and members of the proposed

22   class on the basis of disability.  Burger King's discriminatory conduct includes but is not

23   limited to:

24              a.    Discriminatory exclusion and/or denial of goods, services, facilities,

25

26   COMPLAINT [CASE NO._____]
                                              -10-

1          privileges, advantages,  accommodations, and/or opportunities;

2     b.   Provision of goods, services, facilities, privileges, advantages, and/or

3          accommodations that are not equal to those afforded non-disabled

4          individuals;

5     c.   Failing to design and/or construct restaurants built for first occupancy

6          after January 26, 1993 so that they are readily accessible to and usable by

7          individuals with disabilities;

8     d.   Failing to make alterations in such a manner that, to the maximum

9          extent feasible, the altered portions of the restaurants altered after

10         January 26, 1992, are readily accessible to and usable by individuals

11         with disabilities, including individuals who use wheelchairs and

12         scooters;

13    e.   Failing to make alterations in such a manner that, to the maximum

14         extent feasible, the path of travel to the altered area and the bathrooms,

15         telephones, and drinking fountains serving the altered area, are readily

16         accessible to and usable by individuals with disabilities;

17    f.   Failing to remove barriers to individuals with disabilities where it would

18         be readily achievable to do so;

19    g.   Failing to make reasonable modifications in policies, practices, and/or

20         procedures as necessary to afford the goods, services, facilities,

21         privileges, advantages, and/or accommodations to individuals with

22         disabilities; and/or

23    h.   Utilizing standards or criteria or methods of administration that have the

24         effect of discriminating on the basis of disability, or that perpetuate the

25         discrimination of franchisees who are subject to common administrative

26  COMPLAINT [CASE NO._____]
                                          -11-

control.

50.     As such, Burger King discriminates and, in the absence of the injunction requested herein, will continue in the future to discriminate against Plaintiff and members of the proposed class on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of Burger King's California Restaurants in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and/or its implementing regulations.

51.     Burger King's violations of the ADA have harmed and will continue to harm Plaintiff and members of the proposed class in the future.

52.     Pursuant to the remedies, procedures, and rights set forth in 42 U.S.C. § 12188, Plaintiff prays for judgment as set forth below.

## SECOND CLAIM FOR RELIEF
### (Unruh Civil Rights Act and the Unruh Act's Incorporation of the ADA)

53.     Plaintiff realleges and incorporates by reference the allegations set forth in the remainder of this Complaint as if fully set forth herein.

54.     Burger King's California Restaurants are business establishments and, as such, must comply with the provisions of the Unruh Act, Cal. Civ. Code, § 51, et seq. ("the Unruh Act").

55.     The Unruh Act guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code, § 51(b).

56.     The Unruh Act also provides that a violation of the ADA, or of California state accessibility regulations, is a violation of the Unruh Act. Cal. Civ. Code, § 51(f).

57.     Burger King has violated the Unruh Act by, inter alia, denying, or aiding or

COMPLAINT [CASE NO._____]
-12-

1   inciting the denial of, Plaintiff's and class members' rights to the full and equal

2   accommodations, advantages, facilities, privileges, or services offered at Burger King's

3   California Restaurants.

4           58.     Burger King has also violated the Unruh Act by denying, or aiding or inciting

5   the denial of, Plaintiff's and class members' rights to equal access arising from the provisions

6   of the California state accessibility regulations and the ADA.

7           59.     Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 52,

8   Plaintiff prays for judgment as set forth below.

9                           **THIRD CLAIM FOR RELIEF**
    **(California Disabled Persons Act and the CDPA's Incorporation of the ADA)**

10          60.     Plaintiff realleges and incorporates by reference the allegations set forth in the

11  remainder of this Complaint as if fully set forth herein.

12          61.     Burger King's California Restaurants are places of public accommodation

13  and/or places to which the general public is invited and, as such, are obligated to comply with

14  the provisions of the CDPA, Cal. Civ. Code, § 54, et seq.

15          62.     The CDPA guarantees, inter alia, that persons with disabilities are entitled to

16  full and equal access, as other members of the general public, to accommodations, advantages,

17  facilities, and privileges of covered entities.  Cal. Civ. Code § 54.1(a)(1).

18          63.     The CDPA also provides that a violation of the ADA, or of California state

19  accessibility regulations, is a violation of the CDPA.  Cal. Civ. Code § 54.1(d).

20          64.     Burger King has violated the CDPA by, inter alia, denying and/or interfering

21  with  Plaintiff's and class members' right to full and equal access as other members of the

22  general public to the accommodations, advantages, or facilities of Burger King's California

23  Restaurants.

24          65.     Burger King has also violated the CDPA by denying and/or interfering with the

25

26  COMPLAINT [CASE NO._____]
                                        -13-

1   Plaintiff's and class members' rights to equal access arising from the provisions of the

2   California state accessibility regulations and the ADA.

3          66.      Pursuant to the remedies, procedures, and rights set forth in California law,

4   including Cal. Civ. Code §§ 54.3 and 55, Plaintiff prays for judgment as set forth below.

5                                       **RELIEF**

6          WHEREFORE, Plaintiff respectfully requests:

7          1.       That this Court assume jurisdiction.

8          2.       That this Court certify the class identified in paragraph 13.

9          3.       That this Court certify Plaintiff Castaneda as a representative of this class.

10         4.       That this Court declare Defendant to be in violation of Title III of the Americans

11  with Disabilities Act, 42 U.S.C. § 12181, et seq. the Unruh Civil Rights Act, Cal. Civ. Code

12  § 51, et seq. and the California Disabled Persons Act, Cal. Civ. Code, § 54, et seq.

13         5.       That this Court issue an injunction ordering Defendant to comply with the

14  statutes set forth herein.

15         6.       That this Court award minimum statutory damages, defined as $4,000 per

16  incident of discrimination under Unruh and $1,000 per incident of discrimination under the

17  CDPA, to Plaintiff and members of the proposed class for violations of their civil rights under

18  state law.

19         7.       That this Court award Plaintiff's reasonable attorneys' fees and costs pursuant to

20  federal and California law.

21         8.       That this Court award such additional or alternative relief as may be just, proper

22  and equitable.

23                              **DEMAND FOR JURY TRIAL**

24         Plaintiff demands a jury on all issues which can be heard by a jury.

25

26  COMPLAINT [CASE NO._____]

                                       -14-

Dated: September 10, 2008

Respectfully submitted,

By:

Bill Lann Lee (State Bar No. 108452)
Julia Campins (State Bar No. 238023)
LEWIS, FEINBERG, LEE, RENAKER
& JACKSON, P.C.
1330 Broadway, Suite 1800
Oakland, CA 94612
Tel:    (510) 839-6824
Fax:    (510) 839-7839
blee@lewisfeinberg.com
jcampins@lewisfeinberg.com

Timothy P. Fox (State Bar No. 157750)
FOX & ROBERTSON, P.C.
910 - 16th Street
Suite 610
Denver, CO  80202
Tel:    (303) 595-9700
Fax:    (303) 595-9705
tfox@foxrob.com

Linda D. Kilb (State Bar No. 136101)
DISABILITY RIGHTS EDUCATION &
DEFENSE FUND
2212 Sixth Street
Berkeley, CA 94710
Tel:    (510) 644-2555
Fax:    (510) 841-8645
lkilb@dredf.org

Mari Mayeda (State Bar No. 110947)
P O Box 5138
Berkeley, CA 94705
Tel:    (510) 848-3331
Fax:    (510) 841-8115
marimayeda@earthlink.net

Antonio M. Lawson (State Bar No. 140823)
LAWSON LAW OFFICES
160 Franklin Street, Suite 204
Oakland, CA 94607
Tel:    (510) 419-0940
Fax:    (510) 419-0948
tony@lawsonlawoffices.com

*Attorneys for Plaintiff*

COMPLAINT [CASE NO._____]

-15-