1 | Bill Lann Lee – CA State Bar No. 108452
Julia Campins – CA State Bar No. 238023
2 | LEWIS, FEINBERG, LEE, RENAKER & JACKSON, P.C.
1330 Broadway, Suite 1800
3 | Oakland, CA  94612
Telephone: (510) 839-6824
4 | Facsimile:  (510) 839-7839
Email: blee@lewisfeinberg.com
5 | Email: jcampins@lewisfeinberg.com

6 | Timothy P. Fox – CA State Bar No. 157750
Amy Robertson (*pro hac vice*)
7 | Fox & Robertson, P.C.
104 Broadway, Suite 400
8 | Denver, CO 80203
Telephone: (303) 595-9700
9 | TTY: (877) 595-9706
Facsimile: (303) 595-9705
10 | Email: tfox@foxrob.com
Email: arob@foxrob.com

[Additional Counsel Listed Below]

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| MIGUEL CASTANEDA, KATHERINE CORBETT, and JOSEPH WELLNER on behalf of themselves and others similarly situated, | ) ) ) ) ) | Case No. CV-08-4262 WHA |
|---|---|---|
| Plaintiff, | ) ) | **FIRST AMENDED COMPLAINT** |
| vs. | ) ) | [CLASS ACTION] |
| BURGER KING CORPORATION, | ) ) | |
| Defendant. | ) ) ) | |

FIRST AMENDED COMPLAINT [CASE NO.CV-08-4262 WHA]

**INTRODUCTION**

1. Burger King is a national corporation with approximately 90 restaurants in the State of California that it leases and/or subleases to franchises. Although Burger King promises to treat its customers as "Kings" and encourages its customers to "Have it your way," Burger King treats customers who use wheelchairs and scooters as commoners who must have it Burger King's way or not at all. This proposed class action alleges that Burger King has violated federal and state laws by denying customers who use wheelchairs and scooters access to restaurant services by imposing architectural or design barriers and discriminatory policies or practices.

2. These unlawful barriers include inaccessible parking lots, entry and restroom doors that are too heavy, queue lines (the lines that customers wait in to order) that are too narrow for wheelchairs, inaccessible dining areas, and inaccessible restrooms. The discriminatory policies and practices include failing to maintain the accessibility of restaurants, and requiring franchisees to operate, build and remodel their restaurants in a manner that violates accessibility laws and regulations.

3. This complaint seeks injunctive relief to remove these barriers, and correct the discriminatory policies and practices, so that Plaintiffs and the class they represent can have full and equal enjoyment of Burger King restaurants. The complaint also seeks statutory minimum damages to compensate customers for these barriers to access.

4. Burger King restaurants in California are inaccessible to customers who use wheelchairs or scooters notwithstanding that persons with disabilities have been guaranteed equal access to restaurants and other facilities for almost 20 years by federal law, and for almost 40 years by California state law. Moreover, after being sued for access violations a decade ago, Burger King promised to survey and fix accessibility barriers in its restaurants. It did not do so.

**JURISDICTION AND VENUE**

5.  Plaintiffs' claims arise under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., ("ADA"), the Unruh Civil Rights Act, Cal. Civ. Code, § 51, et seq. ("the Unruh Act"), and the California Disabled Persons Act, Cal. Civ. Code, § 54, et seq. (the "CDPA").

6.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332 and 1343, and pursuant to its supplemental jurisdiction over Plaintiffs' claims brought under the laws of the State of California. In addition, the matter in controversy here exceeds $5,000,000 and there are members of the proposed class who are citizens of states different from Defendants. Therefore, this Court has diversity jurisdiction over the claims of the class pursuant to 28 U.S.C. § 1332(d)(2).

7.  The Court may grant declaratory and other relief pursuant to 28 U.S.C. §§ 2201 and 2202. Money damages alone are inadequate, and Plaintiffs and class members suffer and will continue to suffer irreparable injury.

8.  Venue is proper within this District pursuant to 28 U.S.C. § 1391(b).

**INTRADISTRICT ASSIGNMENT**

9.  This action arises in part in Contra Costa County and thus is properly assigned to the San Francisco Division.

**PARTIES**

10. Plaintiff Miguel Castaneda is and has been at all times material hereto a resident of the State of California. Plaintiff Castaneda is a person with incomplete quadriplegia who uses a wheelchair for mobility. He has a disability within the meaning of the ADA, 42 U.S.C. § 12102(2)(A), and a physical disability as that term is defined in applicable California law, including California Government Code section 12926. Plaintiff Castaneda has patronized Burger King restaurants in California in the past and intends to continue to patronize those

restaurants in the future.

11. Plaintiff Katherine Corbett is and has been at all times material hereto a resident of the State of California. Plaintiff Corbett is a person with post polio syndrome who uses a wheelchair for mobility. She has a disability within the meaning of the ADA, 42 U.S.C. § 12102(2)(A), and a physical disability as that term is defined in applicable California law, including California Government Code section 12926. Plaintiff Corbett has patronized Burger King restaurants in California in the past and intends to continue to patronize those restaurants in the future

12. Plaintiff Joseph Wellner is and has been at all times material hereto a resident of the State of California. Plaintiff Wellner is a person with incomplete quadriplegia with spinal stenosis who uses a wheelchair for mobility. He has a disability within the meaning of the ADA, 42 U.S.C. § 12102(2)(A), and a physical disability as that term is defined in applicable California law, including California Government Code section 12926. Plaintiff Wellner has patronized Burger King restaurants in California in the past and intends to continue to patronize those restaurants in the future.

13. Defendant Burger King Corporation ("Burger King"), a corporation incorporated under the laws of Florida, with its principal place of business at 5505 Blue Lagoon Drive, Miami, Florida 33126. Burger King franchises, leases (or leases to), and operates fast food hamburger restaurants, principally under the Burger King brand, in California.

14. This action concerns the more than 90 Burger King restaurants in California that Burger King leases to or from other entities ("BKL Restaurants").

**CLASS ACTION ALLEGATIONS**

15. Plaintiffs Castaneda, Corbett, and Wellner seek to maintain this action as a class action under Rule 23(b)(2) and/or Rule 23(b)(3) of the Federal Rules of Civil Procedure. The

class consists of all individuals with manual and/or mobility disabilities who use wheelchairs or electric scooters and who were denied during the liability period, or are currently being denied, on the basis of disability, full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations in any BKL Restaurant.

16. The class identified in paragraph 15 is believed to consist of at least several thousand members who are dispersed across the State of California. Joinder of all of such class members in this lawsuit is impracticable.

17. There are numerous questions of law and fact common to the class, including without limitation, the following:

  a. Whether Burger King's BKL Restaurants are "public accommodations" under the ADA;

  b. Whether Burger King's BKL Restaurants are "business establishments" under the Unruh Act;

  c. Whether Burger King's BKL Restaurants are "places of public accommodation" or "places to which the general public is invited" under the CDPA;

  d. Whether Defendant in its BKL Restaurants denies the full and equal enjoyment of its goods, services, facilities, privileges, advantages, or accommodations to people who use wheelchairs in violation of the ADA;

  e. Whether Defendant in its BKL Restaurants denies full and equal accommodations, advantages, facilities, privileges, or services to people who use wheelchairs, in violation of the Unruh Act;

  f. Whether Defendant in its BKL Restaurants denies full and equal access to accommodations, advantages and facilities to people who use

FIRST AMENDED COMPLAINT [CASE NO.CV-08-4262 WHA]

<tr>
<td>
<p>
</p>
</td>
</tr>

wheelchairs, in violation of the CDPA;

    g.    Whether alleged violations of the ADA create independent violations of the Unruh Act and the CDPA;

    h.    What measures are legally required to bring Burger King's BKL Restaurants into compliance with the ADA, the Unruh Act and the CDPA; and

    i.    Whether the design features at issue in this case -- which exist at many BKL restaurants -- violate state or federal law.

18. The Plaintiffs' claims are typical of the claims of the members of the class. They -- like all other members of the class -- use a wheelchair or scooter for mobility and claim that Burger King has violated the ADA, the Unruh Act, and/or the CDPA by failing to make the BKL Restaurants accessible to the class of people who use wheelchairs or scooters.

19. Plaintiffs will fairly and adequately protect the interests of the class because they have retained counsel with extensive experience in litigation, including class action litigation, and because Plaintiffs have no interests that conflict in any way with those of the class.

20. This action may be maintained as a class action pursuant to Rule 23(b)(2) because Burger King's violations of the ADA, the Unruh Act, and the CDPA are applicable to all members of the class. Therefore, an injunction requiring compliance with the ADA, the Unruh Act, and the CDPA is appropriate and the primary relief sought is injunctive relief.

21. This action may be maintained as a class action pursuant to Rule 23(b)(3) because the many questions of law and fact that are common to class members clearly predominate over individual questions affecting members of the class. The common issues of law and fact relate to issues central to the case, such as whether Burger King's BKL Restaurants are public accommodations and business establishments, whether removing or

widening the narrow queue lines, lowering counters, and remedying other barriers, as well as modifying Burger King's policies and practices and other measures, are required to comply with the ADA, Unruh Act, and/or the CDPA.

22. Judicial economy will be served by maintenance of this lawsuit as a class action in that it is likely to avoid the burden that would be otherwise placed upon the judicial system by the filing of numerous similar suits by people with disabilities in the State of California.

23. Maintaining this lawsuit as a class action will also avoid the risk of inconsistent outcomes if class members were forced to bring individual actions in various forums.

24. There are no obstacles to effective and efficient management of this lawsuit as a class action by this Court.

## STATEMENT OF FACTS

25. Burger King leases or leases to more than 90 restaurants in California. On information and belief, and as described below, it also operates or controls those restaurants, in whole or in part.

26. These BKL restaurants influence how the approximately 500 other Burger King restaurants in California are operated.

27. Some or all of the BKL Restaurants, on information and belief, were built according to one of a limited number of architectural design prototypes developed by Burger King. As such, the discriminatory design features encountered by Plaintiffs, as described and alleged below, recur in the BKL Restaurants.

28. In addition, on information and belief, Burger King exercises substantial control over some or all of the BKL Restaurants, including control over the development, design, alteration, remodel, maintenance, and operation of such restaurants.

29. For example, on information and belief, Burger King has entered into development agreements requiring construction of some or all of the BKL Restaurants in

accordance with Burger King's latest designs.

30. On information and belief, Burger King has provided building plans and specifications used to construct some or all of the BKL Restaurants.

31. On information and belief, Burger King's construction teams have aided in designing and building some or all of the BKL Restaurants.

32. On information and belief, some or all of the BKL Restaurants were contractually required to be, and were, remodeled in conformance with Burger King's construction and design plans and specifications.

33. On information and belief, some or all of the BKL Restaurants engaged in "re-imaging" programs, performed in accordance with Burger King's designs and specifications.

34. On information and belief, some or all BKL Restaurants are required to comply with Burger King's Manual of Operating Data ("MOD"), which contains official mandatory restaurant operating standards, specifications and procedures.

35. On information and belief, the MOD contains highly detailed requirements for the operation, design, signage, interior decor, equipment systems, and various other items in Burger King restaurants.

36. On information and belief, some or all Burger King's BKL Restaurants are required to be repaired and maintained in accordance with standards established and controlled by Burger King.

37. On information and belief, by contract, the employee training programs in some or all of Burger King's BKL Restaurants must conform to training standards and procedures prescribed by Burger King.

38. On information and belief, Burger King conducts scheduled and unscheduled inspections of some or all of the BKL Restaurants to ensure that they are being operated in

FIRST AMENDED COMPLAINT [CASE NO.CV-08-4262 WHA]
-8-

compliance with the various operational and other requirements set forth herein.

39. Since January 26, 1992, the date when the ADA regulations governing alterations went into effect, some or all of the BKL Restaurants have undergone alterations, as that term is used in the ADA, that affected, or could have affected, the usability of part or all of those restaurants.

40. Since July 1, 1970, the date when California state access regulations went into effect, some or all of the BKL Restaurants have undergone alterations, structural repairs and/or additions, as those terms are used in California law, including without limitation Cal. Health & Safety Code § 19959.

41. In 1997, Burger King settled Day v. Republic Foods, Inc., No. 95-1317CV (D.D.C.), a case in which the U.S. Department of Justice submitted an amicus brief in support of the plaintiff. The Day case alleged violations of the ADA parallel to those alleged in this complaint. The settlement required Burger King to survey and remedy ADA violations in its corporate-owned restaurants throughout the country, to notify franchisees of their obligation to comply with the ADA, to provide franchisees with a survey instrument to survey their restaurants, and to give franchisees training materials and free technical assistance in bringing their restaurants in compliance with the ADA. Burger King therefore knew or should have known of the requirements of the ADA and its failure, to that date, to comply with those requirements.

42. In addition, in the 1990s, the Department of Justice reached a highly publicized settlement with the Wendy's restaurant chain, which made clear that the Department of Justice believed that inaccessible queue lines -- such as those found in many of Burger King's BKL Restaurants -- violate the ADA, and required Wendy's to make its queue lines accessible.

43. Plaintiff Castaneda has patronized several Burger King restaurants in California, including Burger King restaurants located at 677 Contra Costa Boulevard, in Pleasant Hill, and

FIRST AMENDED COMPLAINT [CASE NO.CV-08-4262 WHA]
-9-

2162 Railroad Avenue, in Pittsburg within the last twelve months.  The Pleasant Hill and Pittsburg restaurants, on information and belief, are leased to and/or from Burger King.

44. At these restaurants, Mr. Castaneda has encountered numerous barriers to access, including for example entry and restroom doors that were very difficult to open, parking lots with insufficient or inadequate accessible parking spots, inaccessible restrooms, narrow or steep sidewalks/ramps, queue lines that were too narrow for his wheelchair to navigate, inaccessible seating areas, and drink machines and condiments that were difficult for him to reach.

45. These barriers to access have denied Mr. Castaneda full and equal access to, and enjoyment of, the goods and services of Burger King, and have been frustrating and injurious to Mr. Castaneda's dignity.

46. Plaintiff Corbett has patronized several Burger King restaurants in California, including Burger King restaurants located at 6021 Central Avenue, in El Cerrito, and 4200 International Boulevard (or East 14th Street), in Oakland within the last twelve months.  The El Cerrito and Oakland restaurants, on information and belief, are leased to and/or from Burger King.

47. At these restaurants, Ms. Corbett has encountered numerous barriers to access, including for example entry and restroom doors that were very difficult to open, queue lines that were difficult for her wheelchair to navigate, parking lots with inaccessible parking spots, inaccessible restrooms, inaccessible counters, and drink machines and condiments that were difficult for her to reach.

48. These barriers to access have denied Ms. Corbett full and equal access to, and enjoyment of, the goods and services of Burger King, and have been frustrating and injurious to Ms. Corbett's dignity.

49. Plaintiff Wellner has patronized several Burger King restaurants in California,

1  including a Burger King restaurants located at 2415 North Texas Street, in Fairfield within the
2  last twelve months.  The Fairfield restaurants, on information and belief, is leased to and/or
3  from Burger King.
4         50.     At this restaurant, Mr. Wellner has encountered numerous barriers to access,
5  including for example entry doors that were very difficult to open, a queue line that was too
6  narrow for his wheelchair to navigate, inaccessible seating, and drink machines and condiments
7  that were difficult for him to reach.
8         51.     These barriers to access have denied Mr. Wellner full and equal access to, and
9  enjoyment of, the goods and services of Burger King, and have been frustrating and injurious to
10 Mr. Wellner's dignity.
11        52.     Other potential class members report encountering similar barriers at BKL
12 restaurants, including but not limited to barriers to accessible parking; doors that are difficult to
13 get to or to open; narrow queue lines; counters, drink machines and condiments that are hard to
14 reach; inaccessible seating; and inaccessible restrooms.
15        53.     On information and belief, Burger King has engaged in intentional
16 discrimination, including but not limited to:
17            a.     designing, constructing, implementing and maintaining policies,
18                   practices, procedures and barriers that discriminate against members of
19                   the putative class with knowledge of such discrimination and/or
20            b.     designing, constructing, implementing and maintaining policies,
21                   practices, procedures and barriers that are sufficiently intuitive and/or
22                   obvious as to constitute intentional conduct; and/or
23            c.     failing to act in the face of the substantial likelihood of harm to class
24                   members' rights protected under federal and state law.
25
26 FIRST AMENDED COMPLAINT [CASE NO.CV-08-4262 WHA]

**FIRST CLAIM FOR RELIEF**
**(Americans with Disabilities Act)**

54. Plaintiffs reallege and incorporate by reference the allegations set forth in the remainder of this Complaint as if fully set forth herein.

55. Title III of the ADA provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

56. Burger King's BKL Restaurants are leased to or from Burger King

57. Burger King's BKL Restaurants are places of public accommodation. 42 U.S.C. § 12181(7)(B).

58. Burger King has discriminated against Plaintiffs and members of the proposed class on the basis of disability. Burger King's discriminatory conduct includes but is not limited to:

    a. Discriminatory exclusion and/or denial of goods, services, facilities, privileges, advantages, accommodations, and/or opportunities;

    b. Provision of goods, services, facilities, privileges, advantages, and/or accommodations that are not equal to those afforded non-disabled individuals;

    c. Failing to design and/or construct restaurants built for first occupancy after January 26, 1993 so that they are readily accessible to and usable by individuals with disabilities;

    d. Failing to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the restaurants altered after

|   |   |   |
|---|---|---|
|   |   | January 26, 1992, are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs and scooters; |
|   | e. | Failing to make alterations in such a manner that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms and drink machines serving the altered area, are readily accessible to and usable by individuals with disabilities; |
|   | f. | Failing to remove barriers, including but not limited to queue lines, counter height, door weight, parking accessibility, to individuals with disabilities where it would be readily achievable to do so; |
|   | g. | Failing to make reasonable modifications in policies, practices, and/or procedures as necessary to afford the goods, services, facilities, privileges, advantages, and/or accommodations to individuals with disabilities; and/or |
|   | h. | Utilizing standards or criteria or methods of administration that have the effect of discriminating on the basis of disability, or that perpetuate the discrimination of franchisees who are subject to common administrative control. |

59. As such, Burger King discriminates and, in the absence of the injunction requested herein, will continue in the future to discriminate against Plaintiffs and members of the proposed class on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of Burger King's BKL Restaurants in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and/or its implementing regulations.

60. Burger King's violations of the ADA have harmed and will continue to harm

FIRST AMENDED COMPLAINT [CASE NO.CV-08-4262 WHA]

Plaintiffs and members of the proposed class in the future.

61. Pursuant to the remedies, procedures, and rights set forth in 42 U.S.C. § 12188, Plaintiffs pray for judgment as set forth below.

## SECOND CLAIM FOR RELIEF
### (Unruh Civil Rights Act and the Unruh Act's Incorporation of the ADA)

62. Plaintiffs reallege and incorporate by reference the allegations set forth in the remainder of this Complaint as if fully set forth herein.

63. Burger King's BKL Restaurants are business establishments and, as such, must comply with the provisions of the Unruh Act, Cal. Civ. Code, § 51, et seq. ("the Unruh Act").

64. The Unruh Act guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California.  Cal. Civ. Code, § 51(b).

65. The Unruh Act also provides that a violation of the ADA, or of California state accessibility regulations, is a violation of the Unruh Act.  Cal. Civ. Code, § 51(f).

66. Burger King has violated the Unruh Act by, inter alia, denying, or aiding or inciting the denial of, Plaintiffs' and class members' rights to the full and equal accommodations, advantages, facilities, privileges, or services offered at Burger King's BKL Restaurants.

67. Burger King has also violated the Unruh Act by denying, or aiding or inciting the denial of, Plaintiffs' and class members' rights to equal access arising from the provisions of the California state accessibility regulations and the ADA.

68. Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 52, Plaintiffs pray for judgment as set forth below.

**THIRD CLAIM FOR RELIEF**
**(California Disabled Persons Act and the CDPA's Incorporation of the ADA)**

69.     Plaintiffs reallege and incorporate by reference the allegations set forth in the remainder of this Complaint as if fully set forth herein.

70.     Burger King's BKL Restaurants are places of public accommodation and/or places to which the general public is invited and, as such, are obligated to comply with the provisions of the CDPA, Cal. Civ. Code, § 54, et seq.

71.     The CDPA guarantees, inter alia, that persons with disabilities are entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, and privileges of covered entities.  Cal. Civ. Code § 54.1(a)(1).

72.     The CDPA also provides that a violation of the ADA, or of California state accessibility regulations, is a violation of the CDPA.  Cal. Civ. Code § 54.1(d).

73.     Burger King has violated the CDPA by, inter alia, denying and/or interfering with Plaintiffs' and class members' right to full and equal access as other members of the general public to the accommodations, advantages, or facilities of Burger King's BKL Restaurants.

74.     Burger King has also violated the CDPA by denying and/or interfering with the Plaintiffs' and class members' rights to equal access arising from the provisions of the California state accessibility regulations and the ADA.

75.     Pursuant to the remedies, procedures, and rights set forth in California law, including Cal. Civ. Code §§ 54.3 and 55, Plaintiffs pray for judgment as set forth below.

**RELIEF**

WHEREFORE, Plaintiffs respectfully request:

1.     That this Court assume jurisdiction.

2.     That this Court certify the class identified in paragraph 15.

3. That this Court certify Plaintiff Castaneda, Plaintiff Corbett, and Plaintiff Wellner as representatives of this class.

4. That this Court declare Defendant to be in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. the Unruh Civil Rights Act, Cal. Civ. Code § 51, et seq. and the California Disabled Persons Act, Cal. Civ. Code, § 54, et seq.

5. That this Court issue an injunction ordering Defendant to comply with the statutes set forth herein.

6. That this Court award minimum statutory damages, defined as $4,000 per incident of discrimination under Unruh and $1,000 per incident of discrimination under the CDPA, to Plaintiffs and members of the proposed class for violations of their civil rights under state law.

7. That this Court award Plaintiffs' reasonable attorneys' fees and costs pursuant to federal and California law.

8. That this Court award such additional or alternative relief as may be just, proper and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a jury on all issues which can be heard by a jury.

Dated: March 6, 2009

Respectfully submitted,

By: /s/ Bill Lann Lee
Bill Lann Lee (State Bar No. 108452)
Julia Campins (State Bar No. 238023)
LEWIS, FEINBERG, LEE, RENAKER & JACKSON, P.C.
1330 Broadway, Suite 1800
Oakland, CA 94612
Tel:   (510) 839-6824
Fax:   (510) 839-7839
blee@lewisfeinberg.com

jcampins@lewisfeinberg.com

Timothy P. Fox (State Bar No. 157750)
Amy Robertson (*pro hac vice*)
FOX & ROBERTSON, P.C.
104 Broadway, Suite 400
Denver, CO 80203
Telephone: (303) 595-9700
TTY: (877) 595-9706
Facsimile: (303) 595-9705
tfox@foxrob.com
arob@foxrob.com

Linda D. Kilb (State Bar No. 136101)
DISABILITY RIGHTS EDUCATION & DEFENSE FUND
2212 Sixth Street
Berkeley, CA 94710
Tel: (510) 644-2555
Fax: (510) 841-8645
lkilb@dredf.org

Mari Mayeda (State Bar No. 110947)
P O Box 5138
Berkeley, CA 94705
Tel: (510) 848-3331
Fax: (510) 841-8115
marimayeda@earthlink.net

Antonio M. Lawson (State Bar No. 140823)
LAWSON LAW OFFICES
160 Franklin Street, Suite 204
Oakland, CA 94607
Tel: (510) 419-0940
Fax: (510) 419-0948
tony@lawsonlawoffices.com

*Attorneys for Plaintiffs*