# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

Miguel Castaneda,

    Plaintiff,

    v.

Burger King Corporation, et al.,

    Defendants.

    No. C 08-4262 WHA (JL)

**DISCOVERY ORDER**

## Introduction

All discovery in this case has been referred by the district court (Hon. William H. Alsup) pursuant to 28 U.S.C. §636(b). The parties submitted a joint statement regarding a discovery dispute, and the Court ordered supplemental briefing on the nature of Defendants' contacts with putative plaintiffs in this as-yet uncertified proposed class action. The matters before this Court are Plaintiffs' motion for protective order re Defendants' contacts with putative class members and Defendants' motion to compel Plaintiff's counsel to provide putative class members' names, addresses and telephone numbers. (Docket # 82)

The district court has jurisdiction under Title III of the Americans with Disabilities Act. The class certification motion is to be filed by July 29, 2009, for hearing September 17, 2009. Non-expert discovery cut-off December 31, 2009, Jury trial April 19, 2010. The

district court on February 17, 2009 denied Defendant's motion to dismiss for Plaintiff's lack of standing to assert claims with respect to Burger King restaurants he had not actually visited.

The motions came on for hearing. Bill Lann Lee, LEWIS, FEINBERG, LEE, RENAKE & JACKSON, P.C., appeared for Plaintiffs. ADAM FRIEDENBERG, GLYNN & FINLEY, LLP, appeared for Defendants. The Court carefully considered the moving and opposing pleadings and the oral arguments of counsel, the record in the case and the applicable law and hereby denies Plaintiffs' motion and grants Defendants' motion.

Within one week of issuance of this order, Plaintiffs' counsel shall provide the last known address and telephone number of each witness disclosed in interrogatory responses or on which Plaintiffs may rely to support their claims. Plaintiffs and their counsel are directed not to interfere with BKC's interviews of such witnesses. Plaintiffs' motion for protective order is granted in part. Defendant's counsel are ordered to inform any persons they contact that they represent Burger King and that the individual need not talk to counsel if he or she does not wish to do so. Plaintiff's counsel has no right to be present at any such interview. Plaintiffs' request for a stay of this order to apply to Judge Alsup to be appointed as interim class counsel, is denied without prejudice. Plaintiffs may apply to Judge Alsup for a stay.

**Plaintiffs' Position**

Plaintiffs claim that they have not been able in this short period of time to ascertain fully the scope of Burger King's communications or the extent of harm to the class, but they assert that Burger King's counsel has not always given notice to the putative class members that they are calling on behalf of Burger King, nor have they given notice to the putative class members that they do not have to talk to Burger King, that speaking to Burger King may be against their interest, or that they have the right to contact Plaintiffs' counsel. See Pierce Decl,, ¶ 4; Barnes Decl., Exh. A. This confusion could result in putative class members speaking with Defendant's counsel thinking that they are speaking to Plaintiffs' counsel representing their interest. See Barnes Decl. ¶¶ 5-6. Furthermore, they

could be deterred from participation in the lawsuit, thereby harming the class's interests and injuring both parties' and the Court's access to relevant information.

"[E]ven before certification or a formal attorney-client relationship, an attorney acting on behalf of a putative class must act in the best interests of the class as a whole." MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.12 (2009); Campins Decl., Exh. B at 22; Trans. from Feb. 12, 2009 Hrg. (Dkt. 67) ("[O]ne of the most important things that everybody ought to understand, that the plaintiff and plaintiff's counsel owe a fiduciary duty to every single class member."). Class counsel therefore has a responsibility to protect a class member's interests. See *Parrish v. Nat'l Football League Players Inc.*, 2007 WL 1624601 at *9, (N.D. Cal. 2007) (Alsup, J.). Moreover, even if there is not automatically a fiduciary relationship between Plaintiffs' counsel and putative class members, these particular individuals have previously contacted Plaintiffs' counsel in connection with the litigation seeking information and advice. A relationship therefore has been formed, and Plaintiffs' counsel has ethical obligations to protect the interest of these individuals in this litigation. Cf. *Barton v. U.S.D.C. Cent. Dist. Cal.*, 410 F.3d 1104, 1111-12 (9th Cir. 2005).

Courts have supervisory authority pursuant to Federal Rule of Civil Procedure 23(d) to regulate communications in order to protect the interests of class members. Fed. R. Civ. P. 23(d) (court may issue orders that "require—to protect class members and fairly conduct the action—giving appropriate notice to some or all class members . . . of any step in the action"); see, e.g., *In re School Asbestos Litig.*, 842 F.2d 671, 683 (3d Cir. 1988); *Mevorah v. Wells Fargo Home Mortg., Inc.,* 2005 WL 4813532 at *3 (N.D. Cal. 2005) (Patel, J); *Dondore v. NGK Metals*, 152 F. Supp. 2d 662, 666 (E.D. Pa 2001); *Pollar v. Judson Steel Corp.*, 1984 WL 161273 (N.D. Cal. 1984) (Patel, J.).

**Plaintiffs Claim their Proposed Limitations Are Reasonable and Lawful.**

Burger King has invoked *Gulf Oil Co. v. Bernard*, 452 U.S. 89 (1981), an employment discrimination case, in which the Supreme Court refused to prohibit plaintiffs' counsel from communicating with members of the putative plaintiff class. Plaintiffs argue that *Gulf Oil* is inapposite for several reasons. First, Plaintiffs seek to monitor, not prohibit,

Burger King's communications with putative class members. Second, the Court in *Gulf Oil* vacated a prohibition against attorneys contacting *their own* putative clients. Thus, the communication permitted was consistent with protecting the interests of putative class members. Plaintiffs here are seeking the same protection by monitoring communications between defense counsel and putative plaintiffs. Third, Burger King is seeking to communicate with individuals who may be members of a putative class whose interests are adverse to its own commercial interest.

As noted above, Plaintiffs contend there is a significant threat of confusion and coercion, because the putative class members may not understand the complicated nature of their relationship to the litigation, and may not understand their rights. Moreover, because Burger King to date has not been fully forthcoming to putative class members, they may be confused about who represents their interests and whether they have the right to refuse to speak with Burger King's counsel.

It is undisputed that putative class counsel have a responsibility to protect the rights of class members prior to class certification. See MDL § 21.12; *Parrish*, 2007 WL 1624601 at *9. One way of protecting the class is to regulate a defendant's contacts by requiring that the initial contact be in writing, with a copy to Plaintiffs. See *Pollar v. Judson Steel Corp.* 1984 WL 161273 (N.D.Cal., 1984), (Patel, J.) (issuing pre class certification TRO and ordering corrective letter and notice to putative class members contacted by defendant). Putative class members could then enlist Plaintiffs' counsel's presence for subsequent oral communications. If the written communications are inaccurate, they can be brought to the Court's attention for immediate correction if the parties are unable to resolve any controversy. Unlike most oral communications, a letter is more susceptible to monitoring and effective corrective notice, see, e.g., *Belt v. Emcare, Inc.*, 299 F.Supp.2d 664 (E.D.Tex. 2003) and is therefore the proper means for defendants to initiate communication with putative class members.

**Defendants' Position**

**Defendants ask the Court to find that Plaintiffs' refusal to make Rule 26 disclosures is without justification.**

Judge Alsup ordered the parties to make initial disclosures no later than March 6, 2009. (Docket No. 68). Defendants argue that Plaintiffs have failed adequately to do so. Plaintiffs have never sought relief from their disclosure obligations, and have shown no legitimate reason for their refusal to comply with Rule 26 and Judge Alsup's unambiguous order. Instead, Plaintiffs merely argue, without apposite authority, that they may refuse to comply because they prefer that BKC not contact non-parties who Plaintiffs believe may ultimately be class members.

Defendants argue that putative class counsel have no attorney-client relationship with such individuals prior to class certification. See, e.g., *Babbitt v. Albertson's Inc.*, 1993 WL 128089, *4 (N.D. Cal. 1993), (Hamilton, J.). Thus, this Court should order Plaintiffs to disclose the names, addresses and telephone numbers of all individuals "likely to have discoverable information" that Plaintiffs "may use to support [their] claims. . . ." Fed. R. Civ. P. 26(a)(1)(A)(I).

**Defendants argue that Plaintiffs cannot show good cause for entry of a protective order**

In the Joint Statement, Plaintiffs cite various cases holding that a court may restrict defense contacts with potential class members upon specific evidence of misleading or coercive conduct. Here, however, Plaintiffs have not made, and cannot make, the requisite showing. As described in the declaration of Michael Trauben, BKC has merely asked the witnesses: 1) to identify the restaurant(s) they visited; 2) whether they felt there were barriers in existence at the restaurant(s); and 3) the nature of any such barriers. (Trauben Decl. ¶ 6.) Such inquiries by BKC are appropriate. See, e.g., *Bell v. Addus Healthcare, Inc.*, 2007 WL 2752893, *1, 3 (W.D.Wash. 2007).

Defendants ask this Court to find that the protective order sought by Plaintiffs would be improper. *Id.* at *3 (denying "order requiring Plaintiff's counsel to be notified and be

present in the event that Defendant has further contact with putative class members" in the absence of "sufficient evidence that [defendant] is abusing its right to contact putative class members"); see also *Gulf Oil Co. v. Bernard*, 452 U.S. 89 (1981) ("the mere possibility of abuses does not justify routine adoption of a communications ban. . . . in the absence of a clear record and specific findings of need"); *Parks v. Eastwood Ins. Services, Inc.*, 235 F.Supp.2d 1082, 1084 (C.D. Cal. 2002) (pre-certification contacts by defense with potential class members permitted "*except as needed to prevent serious misconduct*"); *Babbitt*, 1993 WL 128089, *4 (N.D. Cal. January 28, 1993, Hamilton, J.) (Emphasis added) (denying motion to preclude pre-certification contacts by defense counsel); *Gerlach v. Wells Fargo & Co.*, 2006 WL 824652, *7 (N.D. Cal. 2008) (Wilken, J.) (denying motion for corrective notice where defense contacts "not sufficiently misleading or coercive to justify the relief sought"). Defendants ask this Court to deny Plaintiffs' request for a protective order.

**Defendants ask the Court to order Plaintiffs to cease directing non-party witnesses (putative class members) not to communicate with BKC.**

BKC has learned that Plaintiffs' counsel have contacted at least one of the subject witnesses and instructed him not to speak with anyone representing BKC. (Trauben Decl. ¶ 8.) Such tactics obviously interfere with BKC's legitimate investigation, and corrupt the case preparation process. BKC argues that it has a right to interview these witnesses; prior to class certification, Plaintiffs have no right to prevent or interfere with such contacts. See, e.g., ABA Model Rules of Prof'l Conduct R. 3.4(a) (lawyer shall not "unlawfully obstruct another party's access to evidence"); see also Model Rules of Prof'l Conduct R. 3.4

Notwithstanding Plaintiffs' refusal to make initial disclosures, BKC has been able to ascertain contact information for a small number of the witnesses. (Trauben Decl. ¶ 5.) cmt. 1 (purpose of Rule 3.4 is to secure "fair competition in the adversary system"); cf. CA Rules of Prof'l Conduct R 5-310 (lawyer shall not "advise or directly or indirectly cause a person to secrete himself or herself or to leave the jurisdiction of a tribunal for the purpose of making that person unavailable as a witness therein"). Thus, BKC requests that the Court enter an order directing Plaintiffs and their counsel not to engage in such communications.

**Analysis and Conclusion**

**Rule 26 disclosures are required and there is no justification for the Court to relieve Plaintiffs' counsel of their obligation to disclose contact information for putative class members as potential witnesses**.

Judge Alsup ordered the parties to make initial disclosures no later than March 6, 2009. (Docket No. 68.) As shown in the Joint Statement, Plaintiffs have failed adequately to do so. Plaintiffs have not previously sought relief from their disclosure obligations, and have shown no legitimate reason for their refusal to comply with Rule 26 and Judge Alsup's unambiguous order. Instead, they argue, without apposite authority, that they may refuse to comply because they prefer that BKC not contact non-parties who Plaintiffs believe may ultimately be class members. The case law is unambiguous that potential class members are unrepresented prior to class certification, as discussed in more detail below. Consequently, Plaintiffs' argument for withholding potential class members' contact information from Defendants is unjustified and Plaintiffs' counsel must produce the information to defense counsel. In addition, the Rules of Professional Conduct require that class counsel not interfere with defense counsel's contacts with putative plaintiffs.

**Defense counsel is entitled to have precertification ex parte contacts with putative plaintiffs, absent specific findings of deception, coercion or abuse. The absence of an employer-employee relationship does not cancel Defendants' right to contact putative plaintiffs. Putative plaintiffs' contacts with class counsel do not constitute representation, although this may create a privilege for communications between them.**

The court in the *Eastwood Parks* case comprehensively reviewed California and federal law regarding defendants' counsel's ex parte contacts with putative class members. The court reasoned that the Second Circuit, state and federal district courts in California, and a leading treatise conclude Rule 23 pre-certification communication is permissible because no attorney-client relationship yet exists. *Weight Watchers of Philadelphia, Inc. v. Weight Watchers Int'l, Inc.*, 455 F.2d 770, 773 (2nd Cir.1972)(rejecting argument that "once a plaintiff brought suit on behalf of a class, the court may never permit communications between the defendant and other members"); *Babbitt v. Albertson's Inc.*, 1993 WL 128089 (N.D.Cal.1993) (finding "putative class members in the instant action were not represented

by class counsel"); *Atari v. Superior Ct. of Santa Clara County*, 166 Cal.App.3d 867, 212 Cal.Rptr. 773, 775 (1985) (holding that the trial court abused its discretion in approving a precertification notice which permitted the two plaintiffs to contact potential class action members but at the same time limited the corporation's equal access to the same individuals;"Absent a showing of actual or threatened abuse, both sides should be permitted to investigate the case fully"); Manual for Complex Litigation (Third) § 30.24 (1995) ( "Defendants ordinarily are not precluded from communications with putative class members, including discussions of settlement offers with individual class members before certification").

The court observed that the U.S. Supreme Court has held parties or their counsel should not be required to obtain prior judicial approval before communicating in a pre-certification class action, *except as needed to prevent serious misconduct.* See *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 94-95 (1981) (Emphasis added). An order restricting pre-certification communications must be based on "a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties," or run the risk of imposing an unconstitutional prior restraint on speech. *Id.* at 101.

The court cited examples of cases restricting Rule 23 pre-certification contact as being situations where defendant's communication was misleading or improper. *Impervious Paint Industries v. Ashland Oil*, 508 F.Supp. 720, 723 (W.D.Ky., 1981) ("In the course of [defendant's] contact of class members, the copy of the class notice was presented along with the oral legal advice which was specifically omitted from the notice prepared by the Court"); *Pollar v. Judson Steel Corp.*, 1984 WL 161273 (N.D.Cal.1984) (finding defendant's notices could seriously prejudice the rights of absent class members by failing to disclose material facts about the case).

The court concluded that there is no prohibition against pre-"opt-in" communication with a potential plaintiff, unless the communication undermines or contradicts the court's notice. If an undermining or contradictory communication is sent, the trial court can control

the proceedings through sanctions, requiring payment for a curative notice, regulation of future ex parte communications, or other appropriate orders. *Any restrictive order should make specific findings of actual or potential abuse or misconduct*, and sanctions or limitations on future communications should be narrowly tailored to avoid excessive restraint on speech. *Parks v. Eastwood Ins. Services, Inc.* 235 F.Supp.2d 1082, 1084 -1085 (C.D.Cal.,2002), citing *Gulf Oil v. Bernard*, 452 U.S. at 101. (Emphasis added)

Plaintiffs seek to distinguish this case from the cases of *Babbitt* and *Gerlach*, where the courts found that contacts between defense counsel and putative plaintiffs was permissible. Plaintiffs argue that the plaintiffs in those cases were defendants' employees, that there was a pre-existing relationship and that this somehow justified the ex parte contact, where in this case there was no pre-existing relationship between Defendants and the putative plaintiffs and therefore no justification for pre-certification ex parte contact between them. To the contrary, if anything, the fact that this is a disability access case, not an employment discrimination case, with no employment relationship, obviates many concerns for potential abuse or harassment. There is no danger that putative plaintiffs could lose their jobs either because they cooperate with class counsel or because they refuse to cooperate with defense counsel.

Plaintiffs seek to analogize this case to *Belt v. Emcare, Inc.*, 299 F.Supp.2d 664 (E.D.Tex.,2003), but the facts are distinguishable. In the *Belt* case the court held that defense counsel had issued a deceptive letter to prospective plaintiffs. There is no such specific evidence of deception in this case. At most, Plaintiffs' counsel claims that defense counsel have failed to identify themselves clearly enough. Similarly, Plaintiffs cite other cases where courts intervened, but in those cases the courts made specific findings that the substance of defense counsel's communications with absent class members were deceptive or misleading. *In re School Asbestos Litig.*, 842 F.2d 671, 683 (3d Cir. 1988)(requiring defendant to identify itself and its interest in the litigation in contacts with prospective class members); *Mevorah v. Wells Fargo Home Mortg., Inc.,* 2005 WL 4813532 at *3 (N.D. Cal. 2005) (Patel, J.) (making specific findings that defense counsel's communications with absent class members were misleading).

Plaintiffs rely on *Barton v. U.S.D.C. Cent. Dist. Cal.*, 410 F.3d 1104, 111-1112 (9th Cir. 2005) to support their proposition that once a prospective client has contacted counsel for the putative class, that an attorney-client relationship has been created that bans ex parte contacts by opposing counsel. Plaintiffs' reliance on *Barton* for this proposition is misplaced. The court in that case found *privilege for communications between attorneys and prospective clients*, even prior to the clients' retaining the attorneys. However, the court did not find that prospective clients in that case were legally represented and that therefore opposing counsel were forbidden to have ex parte communications with them. The fact that the putative class members in this case contacted Plaintiffs' counsel may create a privilege for their communications with class counsel. Plaintiffs alleged generally that defense counsel have asked questions regarding putative plaintiffs' communications with class counsel, but never gave any specific examples. Defense counsel are admonished not to inquire into the substance of any communications between Plaintiffs' counsel and putative plaintiffs, but the Court finds no basis for concluding that any such inquiries have already occurred. Defendants are not asking for access to privileged communications here. There is nothing in *Barton* which would bar ex parte contacts between defense counsel and putative plaintiffs in this case.

Plaintiffs' reliance on the holding in *Dondore v. NGK Metals*, 152 F.Supp.2d 662, 666 (E.D.Pa. 2001) is similarly misplaced. The court in that case forbade defense counsel from contacting putative plaintiffs in a federal action who were also class members in a state court tort litigation. The court applied Pennsylvania law which held that class members were "parties" after the filing of the action but prior to class certification. This is contrary to California law, which governs in this case, as discussed above: *Atari v. Superior Ct. of Santa Clara County*, 166 Cal.App.3d 867, 212 Cal.Rptr. 773, 775 (1985)("Absent a showing of actual or threatened abuse, both sides should be permitted to investigate the case fully"); see also Manual for Complex Litigation (Third) § 30.24 (1995) ( "Defendants ordinarily are not precluded from communications with putative class members, including discussions of settlement offers with individual class members before certification").

*Dondore* has not been generally accepted - "[t]he weight of authority seems unwilling to adopt the *Dondore* view." *Parks v. Eastwood Ins. Services, Inc.* 235 F.Supp.2d at 1084.

Plaintiffs' reliance on dicta in *Moreno* regarding the potential for pre-certification abuse or harassment of absent class members by defense counsel is not on point in this case. In *Moreno,* Magistrate Judge Chen of this district commented that depositions of absent class members were ordinarily not permitted because of the potential for harassment, but in fact Judge Chen permitted depositions to be taken of absent class members who had submitted declarations. *Moreno v. Autozone, Inc.*, 2007 WL 22882165, at *1 (N.D. Cal. Aug. 3, 2007). In this case, Defendants seek only informal interviews, not formal discovery of absent class members prior to class certification, much less their depositions.

**Summary**

Defendants allege that Plaintiff's counsel have refused to provide contact information, which FRCP Rule 26 obliges them to provide, since the putative class members are also potential witnesses. Plaintiffs should provide Defendants with contact information for the putative class members, as required by Rule 26, as part of their initial disclosures, since the putative class members are potential witnesses. Both parties are permitted to take pre-certification discovery, including discovery from prospective class members. Plaintiffs' counsel have also allegedly advised putative class members not to talk to Defendants' counsel. If true, this would be a violation of pertinent codes of professional conduct.

Defendant's counsel have allegedly had improper contact with some putative class members - not advising them that they are speaking to counsel for Burger King or that they do not have to speak to counsel for Burger King. The Court has the power to impose reasonable conditions on Defendants' contact with putative class members. However, even if the allegations are true, the conduct alleged is neither abusive nor coercive, nor does it amount to serious misconduct, so there is no justification for either the Court or Plaintiffs' counsel to monitor defense counsel's interviews with putative plaintiffs.

Plaintiffs' counsel have no right to be present at any contact between Defendants' counsel and putative class members. It is Plaintiff's burden to show abusive or deceptive conduct to justify the court's cutting off contact, and they fail to do so. This is not an employment case, where the Defendant may threaten or imply a threat to the job of a plaintiff who cooperates with Plaintiffs' counsel or refuses to cooperate with Defendant's counsel. This is an ADA access case, not an employment case; Defendants have no power over these prospective plaintiffs.

**Order**

Within one week of issuance of this order, Plaintiffs' counsel shall provide the last known address and telephone number of each witness disclosed in interrogatory responses or on which Plaintiffs may rely to support their claims. Plaintiffs and their counsel are directed not to interfere with BKC's interviews of such witnesses. Plaintiffs' motion for protective order is granted in part. Defendant counsel must identify themselves and advise contacts that they need not speak with them if they do not want to do so. Defendants are admonished not to inquire into the substance of communications between putative plaintiffs and class counsel. Plaintiffs' request for a stay of this order is denied without prejudice. Plaintiffs may seek such a stay from Judge Alsup.

IT IS SO ORDERED.

DATED: July 31, 2009

_____
JAMES LARSON
United States Magistrate Judge

G:\JLALL\CHAMBERS\CASES\CIV-REF\08-4262\Order 82.wpd