UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Miguel Castaneda,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>Burger King Corporation, et al.,<br><br>　　　　Defendants.<br>_____/ | No. C 08-4262 WHA (JL)<br><br>**DISCOVERY ORDER**<br>**(Granting Docket # 121,**<br>**Denying Docket # 123)** |

**I.　Introduction**

All discovery in this case has been referred by the district court (Hon. William H. Alsup) pursuant to 28 U.S.C. §636(b).

**II.　Discovery at Issue**

Plaintiffs filed a motion to compel production of documents or for permission to serve and receive responses to Interrogatory # 24 ; and Defendants filed a motion for an order compelling return of inadvertently produced privileged document. (Both motions were initiated in a Joint Statement filed at Docket # 103, then Plaintiffs' motion to compel was renewed at Docket # 121. Defendants did not file a formal noticed motion to compel and for protective order, but their position is stated in their document filed at Docket # 123, captioned "Defendant Burger King Corporation's Opening Supplemental Brief In Opposition . . ."). Attorney for Plaintiffs is Amy Robertson, (pro hac vice), FOX & ROBERTSON, P.C.,

Denver, Colorado; Attorney for Defendants is Michael D. Joblove, (pro hac vice), GENOVESE, JOBLOVE AND BATTISTA, P.A., Miami, Florida. There are two relevant motions before Judge Alsup: Burger King Corporation filed a Motion to Add Restaurant Franchisees/Lessees as Additional Defendants under Rules 19(a) and 21, set for hearing September 10, 2009; Plaintiffs filed their Motion to Certify the Class, which is set for hearing September 17. Judge Alsup has not bifurcated or stayed any discovery on certification, merits and damages.

The Court carefully considered the moving and opposing papers and the record in this case and hereby grants Plaintiffs' motion to compel production of documents and denies as moot the motion to propound Interrogatory # 24, since the information in the documents will hopefully suffice to answer the questions in Interrogatory # 24. The Court denies Defendants' motion for return of inadvertently produced privileged document and for protective order, since the document is one of those which the Court is ordering Defendants to produce to Plaintiffs.

The Court notes that Defendants produced two documents under seal, one is the inadvertently produced document from the franchisee Joseph N. Rubin, the other is a survey for an entirely different restaurant. Defendants should inform the Court whether the second document was inadvertently produced to the Court.

### III. Background

Plaintiffs are suing Defendants for violating the Americans with Disabilities Act in their leased Burger King restaurants ("BKL's"). There are 90 leased restaurants at issue out of 673 Burger Kings nationwide. Almost one year after Plaintiffs notified Burger King in January 2008 that their restaurants were out of compliance with the ADA, in December 2008 Burger King began issuing work orders to make changes to the allegedly noncompliant restaurants. (Robertson declaration at Ex. 12 - scope of work documents and verification punchlist, and consulting recommendations listing on Def. Privilege Log.)

Burger King would not provide Plaintiffs with a list of which were the leased restaurants, until after the remediation work had already begun. Consequently, Plaintiffs

could only have either conducted surveys of all 673 Burger Kings to obtain the measurements of such things as ramp slopes and counter heights, wasting time and money on the 580 restaurants which were not leased restaurants, or waited until Defendants gave them the list of leased restaurants, and then obtained these measurements, but only after the remediation work had been begun or even completed, in which case the measurements would have been useless to Plaintiffs. (Decl. Of Timothy Fox ISO Pltf MTC, dkt # 121-2 ¶ 3-5).

Plaintiffs, by contrast, had, by May 28, 2008, sent Burger King all of the 31 surveys that Plaintiffs had done of Burger King restaurants in California. (Second Robertson Decl. Ex. 5) Burger King then informed Plaintiffs that only three of those restaurants were leased. ("BKL") Later Burger King identified two more, for a total of five out of the 31 that Plaintiffs had surveyed, out of 90 total Burger King leased or "BKL" restaurants. Plaintiffs have no other way of obtaining this information, now that the restaurants' are being brought into compliance. In order to establish the status of each of the 90 restaurants during the class period, Plaintiffs have only Defendants' surveys to rely on.

**IV.     Legal Analysis**

**A.     General Principles**

The scope of discovery under Rule 26 is broad; "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* If a party withholds otherwise discoverable material by claiming that it is privileged or should be protected as trial-preparation material, "the party must: (I) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed-and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed.R.Civ.P. 26(b)(5)(A).

The work product privilege protects "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)."

Fed.R.Civ.P. 26(b)(3)(A). Trial preparation materials are discoverable, however, "if: (I) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." *Id.* The purpose of the work product doctrine "is the promotion of the adversary system by safeguarding the fruits of an attorney's trial preparations from the opponent." *U.S. ex rel. Fago v. M & T Mortgage Corp.*, 242 F.R.D. 16, 19 (D.D.C.2007). See also *United States v. Adlman*, 68 F.3d 1495, 1501 (2d Cir.1995) ("The purpose of the doctrine is to establish a zone of privacy for strategic litigation planning and to prevent one party from piggybacking on the adversary's preparation.").

To the extent that the work product contains relevant, nonprivileged facts ... the party seeking discovery [must] show "adequate reasons" why the work product should be subject to discovery. However, to the extent work product reveals the opinions, judgments, and thought processes of counsel, it receives some higher level of protection, and a party seeking discovery must show extraordinary justification. *In re Sealed Case*, 676 F.2d 793, 809 (D.C.Cir.1982).

### B. Surveys, Scope of Work Documents and Checklists

Plaintiffs are asking for the surveys that Defendants' consultants did before the remediation work, to obtain measurements and photographs, nothing else, no opinions, no advice, just the objective quantitative inches and feet and degrees of slope of the restaurants during the class period, at the time when Plaintiffs are claiming the restaurants were out of compliance with the ADA. (See Plaintiffs' Brief in Response at page 7 - "Plaintiffs do not seek litigation strategies, interpretations, mental impressions, or evaluations, but merely objective facts: What were the measurements of relevant features? What was done to any relevant features?")

Burger King argues that these documents are unquestionably privileged work product:

> The work product doctrine, codified in Federal Rule of Civil Procedure 26(b)(3), protects 'from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation.'" *In re Grand Jury Subpoena (Torf)*, 357 F.3d 900, 906 (9th Cir. 2004) (citation omitted). See also *S.E.C. v. Schroeder*, No. C07-03798, 2009 WL 1125579, at *6 (N.D. Cal. Apr. 27, 2009); *AMCO Ins. Co. v. Madera Quality Nut LLC,* No. 1:04-cv-06456, 2006 WL 931437, at **14-15 (E.D. Cal. Apr. 11, 2006). Documents qualify for protection under Rule 26(b)(3) so long as the documents are prepared (1) in anticipation of litigation or for trial (2) by or on behalf of a party. *Torf*, 357 F.3d at 907 (citation omitted); *AMCO*, 2006 WL 931437, at **14-15 (citation omitted). The documents at issue easily satisfy these prerequisites.

(Def. Opening Supp. Brief at 8:23-9:10)

Plaintiffs argue that Burger King has waived the privilege by not listing the surveys on its privilege log. For reasons which will become clear, this Court does not rule on this question, but is willing to consider it at another juncture, if necessary. For the purposes of this motion, the Court proceeds as if Burger King had not waived its privilege, but analyzes whether Plaintiffs have shown substantial need for the documents and that they could not obtain the relevant information contained in them, without undue hardship.

Burger King argues that it produced "Facility Inspection Reports," "FIRS," in response to Plaintiffs' Interrogatory Number 23, which requested surveys. Plaintiffs reject these documents as essentially overview descriptions of various parts of a Burger King restaurant that evaluate compliance with BKC's standards. They do not require or contain comprehensive measurements of the elements at issue. (Second Robertson Decl. At Ex. 1).

The Court may grant Plaintiff's motion to compel Defendants to produce the surveys even if the documents are work product and therefore privileged, because documents can be privileged while the facts contained within them may not be. See Pltfs' Mot. To Compel at 12-13; Advisory Committee Notes to Rule 26, 48 F.R.D. 487, 501 (1970) ("[O]ne party may discover relevant facts known or available to the other party, even though such facts are contained in a document which is not itself discoverable.") Similarly, the attorney-client privilege "only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney." *Upjohn Co. v. United States,* 449 U.S. 383, 395 (1981).

In addition, a requesting party may obtain work product if the material is relevant, and the requesting party makes a showing of substantial need sufficient under FRCP 26(b)(3)(A)(ii) to defeat the work product protection). The rule requires that:

"the party shows that it has substantial need for the materials to prepare its case, and cannot, without undue hardship, obtain their substantial equivalent by other means." (*Id.*)

Plaintiffs can't do the surveys themselves now, because work has already started or even been completed on Defendants' restaurants. This makes it impossible for Plaintiffs to obtain measurements for the restaurants. This is similar to the circumstances in *Braun v. Lorillard, Inc.*, 84 F.3d 230, 235-236 (7th Cir. 1996)(holding that "exceptional circumstances" existed to produce nontestifying expert's test results where that test had destroyed the sample in question); *Bank Brussels Lambert v. Chase Manhattan Bank. N.A.*, 175 F.R.D. 34, 44-45 (S.D.N.Y. 1997) (holding "exceptional circumstances" existed where nontestifying accounting expert had access to company's records immediately after the discrepancy at issue was discovered, but before records may have been lost.)

The Facility Inspection Reports ("FIRS") are inadequate, showing only part of the information, what has already been done, nothing about what condition the restaurant was in during the class period. Plaintiffs also reject Burger King's contention that information the Plaintiffs obtained from various Building Departments about work on the restaurants is adequate (BKC Opening Brief at 17). Plaintiffs reviewed those documents and discovered they did not contain measurements of BKL stores during the class period (Robertson Decl. at ¶40). Consequently, Plaintiffs show that they have both a substantial need for the documents and cannot obtain the information anywhere else, despite their previous efforts to obtain Defendants' cooperation in conducting their own surveys prior to the remediation work.

Defendants rely on several cases for the proposition that Plaintiffs should not be allowed to "piggyback" on Defendants' work product.

> "The reach of the work product privilege is broad; 'even factual portions of documents may be withheld, so long as the document as a whole was created in anticipation of litigation.'" *Equal Rights Ctr. v. Post Props., Inc.*, 247 F.R.D. 208, 211 (D.D.C. 2008 ) (quoting *Gen. Elec. Co. v. Johnson*, No. CIV.A.00-2855 (JDB), 2006 WL 2616187, at *12 (D.D.C. Sept. 12, 2006)) (citing also *Tax Analysts v. I.R.S.*, 117 F.3d 607, 621 (D.C.C. 1997) (holding that "[a]ny part of a [document] prepared in anticipation of litigation, not just the portions concerning opinions, legal theories, and the like, is protected by the work product doctrine")). See also *Martin v. Bally's Park Place Hotel & Casino*, 983 F.2d 1252, 1261-62 (3d Cir. 1993) (rejecting, as overbroad, "argu[ment] that the work product doctrine should not apply to [consultant's] report because it contained purely factual material.") (citing *U.S. v. Nobles*, 422 U.S. 225, 238-39 (1975), and other authority).

(Def. Supplemental Opening Brief at 10:7-17)

The *Equal Rights Center* and *Bally* cases are distinguishable because in neither of them did the court find the requesting party had met its burden to show substantial need or exceptional circumstances.

In *ERC,* an ADA access case, the Court rejected Plaintiff's argument in favor of obtaining attorney-consultant reports:

> ERC asserts that "the need for disclosure is clear" because "Post is in the process of altering the Subject Properties." (Pl.'s Mem. at 14.) ERC further asserts that "[t]he data collected by Post and its consultants regarding the condition of the properties, to the extent that they document non-compliance with the FHA and ADA, will greatly reduce the burden and costs to the litigants to inspect each of these properties again." ( Id. at 15.) Even if the Court accepts these arguments, and finds that Post's alleged alteration of its properties and the costs of investigation constitute an "extraordinary justification" for disclosure, ERC would still fall short of meeting its burden. Rule 26 requires that a party show "substantial need for the materials" and that it cannot "without undue hardship, obtain their substantial equivalent by other means." Fed.R.Civ.P. 26(b)(3)(A). As Post points out, ERC has not reviewed "any development and construction files or site plans and maps that have been offered at Post's office since October 17, 2007" and has not "noticed any depositions of Post employees that may have knowledge of the changes Post has and has not made at its properties." (Def.'s Opp'n at 12.)

*Equal Rights Center v. Post Properties, Inc.* 247 F.R.D. 208, 212 (D.D.C.,2008)

In *Bally,* a case involving an allegedly defective commercial dishwasher, the court affirmed an OSHA Commission ruling that a plaintiff had failed to show substantial need:

> [t]he Commission found that, even assuming OSHA had "substantial need" of the report, the agency had failed to establish that it could not obtain "substantially equivalent" materials without "undue hardship." In this regard, the Commission made several factual findings. It found that since there was no evidence that Bally's precluded OSHA from conducting its own test on the dishwasher, OSHA could in fact have done so. The Commission rejected OSHA's claim that it could not have tested the dishwasher because Bally's had removed it from regular service, noting

that OSHA could have requested Bally's to retrieve the dishwasher for this purpose. It is undisputed that OSHA did not explore this possibility with Bally's.

*Martin v. Bally's Park Place Hotel & Casino*, 983 F.2d 1252, 1256 (C.A.3,1993)

In this case, Plaintiffs have reviewed over 100,000 documents produced by Defendants, attempted to conduct their own surveys of the BKL restaurants, but were thwarted by Burger King, and noticed a 30(b)(6) deposition of Burger King on topics related to the state of compliance of the BKL's during the class period in June, which has been objected to and re-scheduled by Burger King. Plaintiffs have attempted in good faith to obtain this information on their own but now have no recourse but Burger King's surveys, to assess the status of the 90 BKL restaurants during the class period, prior to remediation.

Burger King argues that Plaintiffs have waived any right to assert exceptional circumstances because they delayed seeking the surveys until now:

> *AT&T Corp. v. Microsoft Corp.*, No. 02-0164 MHP (JL), 2003 WL 21212614, at *6 (N.D. Cal. Apr. 18, 2003) (citing Fed. R. Civ. P. 26(b)(3) and Hickman). "[W]hen a party argues that substantial need exists because of the passage of time, the party seeking discovery must make a showing that the passage of time was not caused by avoidable negligence on their part." *Garcia*, 214 F.R.D. at 598 (citation omitted).

(Def. Opening Supp. Brief at 15:5-9)

In this case, the 90 BKL restaurants were at issue from early 2008 and yet Burger King would never allow Plaintiffs to survey them. The delay is not Plaintiffs' fault.

**C.     Privilege Log and Plaintiffs' Proposed Order**

Plaintiffs' Proposed Order overreaches somewhat. It provides for Burger King to redact to delete opinion work product. That is legitimate. However, the proposed order also states that "Defendant has waived its privileges and must produce all documents covered by items 1707-1710, 1713-1717, and 1737-38 or else provide a compliant privilege log including:

"a.     Document-by-document descriptions of items 1707-1710, 1713-17, and 1737-38 including all of the information required by Judge Alsup's Supplemental Order; and

b.     All documents relevant to the assertion of the privileges themselves including, for example, any and all joint defense agreements."

C-08-4262 DISCOVERY ORDER                                                                                                           Page 8 of 11

These last two provisions seem redundant. If this Court orders Burger King to produce the surveys, then why should it also have to concede that it waived privileges AND provide a Privilege Log?

Plaintiffs have shown the exceptional circumstances exception to the work product doctrine - that they have a substantial need for the documents and can't obtain them or their equivalent anywhere else. That is not really a waiver of Defendants' privilege. It merely overrides it, and only for the facts contained in the documents, not for the whole documents themselves or for any opinion work product contained in them.

### D. Interrogatory 24

In the alternative, if the Court didn't order Defendants to produce the surveys, Plaintiffs asked the Court for permission to propound Interrogatory Number 24, which would exceed the limit on Interrogatories in the Civil Local Rules. This asks for all the measurements of the 90 restaurants at issue. Defendants protest that the Interrogatory is impermissibly burdensome, contains subparts, and asks for thousands of bits of information. All these objections are remedied by Defendants' producing the surveys.

Defendants plead hardship at the prospect of having to provide the information via answering another Interrogatory, Plaintiffs' proposed Interrogatory 24. The Interrogatory is not a good alternative, when the Defendants could mitigate their own burden by producing the surveys, which would be responsive to Interrogatory 24 anyway, pursuant to the Business Records Option of FRCP 33 (d). The easiest path for everyone is for Defendants to produce the surveys and work order checklists.

### E. **Defendants request return of inadvertently produced privileged document.**

Defendants ask the Court to order Plaintiffs to return one of the surveys, which was inadvertently produced by the owner of one of the franchisee restaurants, Burger King # 3157, in Petaluma - (Declaration of Joseph N. Rubin). Mr. Rubin, the owner of Centennial Restaurants, LLC, the operator of Burger King # 3157, received a subpoena from Plaintiffs' attorney Julia Campins and forwarded to his attorney, Stanley Rubin. He says in his Declaration that he "neglected to inform Mr. Stanley Rubin that I had previously entered

into this Joint Defense Agreement with Burger King Corporation and neglected to provide Mr. Stanley Rubin with a copy of this Joint Defense Agreement." Mr. Rubin the franchisee and Mr. Rubin his attorney produced the surveys and scopes of work to Plaintiffs' attorney, Ms. Campins. He requests the return of the document at Bates Numbers CEN-03157-00002 through CEN-03157-00013.

Burger King argues it did not waive the work product privilege by producing the survey to a third party, that is the franchisee, because Burger King and its franchisees have a Joint Defense Agreement. (Burger King Opening Brief at 15-16) Burger King has refused to produce the Joint Defense Agreement to Plaintiffs to verify its existence, but is willing to produce it to the Court for in camera review. Burger King did not list the Joint Defense Agreement on its Privilege Log, but that is probably legitimate if Plaintiffs didn't make a formal discovery request for it. Plaintiffs sequestered the document, the survey inadvertently produced by the franchisee, but have refused to return it to Burger King voluntarily. The inadvertently produced survey itself would be produced, if the Court grants Plaintiffs' motion to compel. If the Court grants Plaintiff's motion to compel, then Defendants' motion for return of inadvertently produced privileged document and for protective order would be moot.

### V. Conclusion and Order

This Court concludes that Plaintiffs have shown that the requested documents are relevant, that they have a substantial need for the factual information they contain, that they made a good faith effort to discover the information by other means, and that the information the documents contain cannot be obtained in any other way. Consequently, even though the documents themselves may be protected by the work product doctrine, the factual material within them is discoverable and Defendants shall produce the documents, redacted to remove opinions and legal strategies. The Court finds that Interrogatory 24 would be a cumbersome burdensome way for Defendants to provide the same information which is already available in the surveys, and that the surveys satisfy the business records option of Rule 33, Federal Rules of Civil Procedure, if Defendants were to respond to Plaintiffs' request via interrogatory. Accordingly, Plaintiffs' motion to compel

production of the surveys in their motion to compel is granted, the motion to propound Interrogatory 24 is denied as moot, and Defendants' motion for return of an inadvertently produced privileged document is denied.

IT IS SO ORDERED.

DATED: August 19, 2009

                                               JAMES LARSON
                                             U.S. Magistrate Judge

G:\JLALL\CHAMBERS\CASES\CIV-REF\08-4262\Order 103.wpd