Bill Lann Lee – CA State Bar No. 108452
Andrew Lah – CA State Bar No. 234580
Julia Campins – CA State Bar No. 238023
LEWIS, FEINBERG, LEE, RENAKER & JACKSON, P.C.
1330 Broadway, Suite 1800
Oakland, CA  94612
Telephone: (510) 839-6824
Facsimile: (510) 839-7839
Email: blee@lewisfeinberg.com

Timothy P. Fox - CA State Bar No. 157750
Amy Robertson (*pro hac vice*)
FOX & ROBERTSON, P.C.
104 Broadway, Suite 400
Denver, CO  80203
Telephone: (303) 595-9700
Facsimile: (303) 595-9705
Email: tfox@foxrob.com

Linda D. Kilb - CA State Bar No. 136101
DISABILITY RIGHTS EDUCATION & DEFENSE FUND
2212 Sixth Street
Berkeley, CA 94710
Telephone:(510) 644-2555
Facsimile:(510) 841-8645
Email: lkilb@dredf.org

Mari Mayeda - CA State Bar No. 110947
P O Box 5138
Berkeley, CA 94705
Telephone: (510) 848-3331
Facsimile: (510) 841-8115
Email: marimayeda@earthlink.net

Antonio M. Lawson  -  CA State Bar No. 140823
LAWSON LAW OFFICES
160 Franklin Street, Suite 204
Oakland, CA 94607
Telephone: (510) 419-0940
Facsimile:  (510) 419-0948
Email: tony@lawsonlawoffices.com

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL CASTANEDA, KATHERINE CORBETT, and JOSEPH WELLNER on behalf of themselves and others similarly situated,<br><br>　　　　　　　　Plaintiffs,<br><br>　　vs.<br><br>BURGER KING CORPORATION,<br><br>　　　　　　　　Defendant. | Case No. CV-08-4262 WHA (JL)<br><br>**SUPPLEMENTAL DECLARATION OF ASHLEY BOOTHBY IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Date:　September 17, 2009<br>Time:　8:00 a.m.<br>Judge:　William H. Alsup |

I, Ashley Boothby, do hereby declare that:

1. I am a paralegal at Fox & Robertson, P.C. I have personal knowledge of the facts set forth in this Declaration, and if called upon to testify, I could competently testify to the truth of these matters.

2. I reviewed the Plaintiffs' putative class member declarations cited by Burger King Corporation ("BKC") in support of its contention that "as many as 50% of those BKLs [mentioned by declarants] have never had a queue line." BK Opp. at 2. I determined that the cited putative class members had visited a total of 4 BKLs.

3. Attached hereto as Exhibit 1 is a true and correct copy of a document, Bates labeled BKC000001 Post Prod - BKC000003 Post Prod, which was produced by BKC.

4. Attached hereto as Exhibit 2 is a true and correct copy of excerpts from document, Bates labeled BKC067919 and BKC067927, which was produced by BKC.

5. Attached hereto as Exhibit 3 is a true and correct copy of excerpts from document, Bates labeled BKC085785 and BKC085787, which was produced by BKC.

6. Attached hereto as Exhibit 4 is a true and correct copy of excerpts from document, Bates labeled BKC113322 and BKC113330, which was produced by BKC.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 3, 2009.

_/s/ Ashley L. Boothby_
Ashley K. Boothby

Case No. C 08-4262 WHA (JL)
Supplemental Declaration of Ashley Boothby in
Support of Plaintiffs' Motion for Class Certification                                    Page 2

# Exhibit 1

**CURRENT CALIFORNIA BKL RESTAURANTS**
YEAR BUILT, OPENING DATE, TEMPORARY CLOSINGS AND REOPENINGS (IF ANY), REASON FOR CLOSING, CURRENT FBL AND ASSET MGR

| RESTAURANT NO. | PROTOTYPE | YEAR BUILT | OPENING DATE | TEMPORARY CLOSING DATE (if any) | REOPENING DATE (if any) | REASON FOR TEMPORARY CLOSING | CURRENT FRANCHISE BUSINESS LEADER(s) (FBL) | CURRENT ASSET MANAGER |
|---|---|---|---|---|---|---|---|---|
| 609 | BK-1 | 1970 | 01/12/70 | 08/07/95 | 09/17/95 | Remodeling | Pam Gigante, Jeffrey Veazie, Chris Flanders, Ofelia Cruthirds | David Varalli |
| 726 | BK-1 | 1970 | 10/08/70 | N/A | N/A | Unknown | Pam Gigante, Jeffrey Veazie, Chris Flanders, Ofelia Cruthirds | David Varalli |
| 733 | BK-1 | 1971 | 02/01/71 | 05/01/89 | 06/05/89 | Remodeling | Pam Gigante, Jeffrey Veazie, Chris Flanders, Ofelia Cruthirds | David Varalli |
| 780 | BK-22 | 1973 | 06/18/73 | N/A | N/A | N/A | Pam Gigante | David Varalli |
| 814 | BK-22 | 1973 | 12/21/73 | N/A | N/A | N/A | Pam Gigante | David Varalli |
| 817 | BK-22 | 1974 | 01/17/74 | N/A | N/A | N/A | Pam Gigante | David Varalli |
| 835 | BK-22 | 1974 | 03/12/74 | 01/17/89 | 01/26/89 | Unknown | Pam Gigante | David Varalli |
| 896 | BK-1 | 1974 | 11/22/74 | 01/15/04 | 04/17/04 | Remodeling | Pam Gigante | David Varalli |
| 910 | BK-22 | 1974 | 12/31/74 | 10/16/98 | 11/25/98 | Remodeling | Pam Gigante | David Varalli |
| 912 | BK-22 | 1975 | 01/31/75 | 09/01/98 | 10/14/98 | Remodeling | Pam Gigante | David Varalli |
| 916 | BK-22 | 1975 | 05/09/75 | N/A | N/A | N/A | Pam Gigante | David Varalli |
| 918 | BK-22 | 1975 | 06/19/75 | 01/17/94 | 01/18/94 | Unknown | Pam Gigante | David Varalli |
| 919 | BK-22 | 1975 | 04/07/75 | 04/01/01 | 08/02/01 | Remodeling | Pam Gigante, Jeffrey Veazie, Chris Flanders, Ofelia Cruthirds | David Varalli |
| 943 | Inline-Traditional | 1976 | 07/06/76 | N/A | N/A | N/A | Chris Flanders | David Varalli |
| 975 | BK-22 | 1978 | 03/20/78 | N/A | N/A | N/A | Robert Andrews | David Varalli |
| 977 | BK-92 | 1978 | 05/30/78 | N/A | N/A | N/A | Steve Thomas | David Varalli |
| 1036 | BK-1 | 1971 | 04/26/71 | 1) 1/17/94; 2) 10/7/97 | 1) 1/20/94; 2) 2/13/98 | 1) Unknown; 2) Rebuild | Jeffrey Veazie | David Varalli |
| 1038 | BK-22 | 1971 | 04/16/71 | 1) 1/17/94; 2) 8/26/97 | 1) 1/19/94; 2) 10/11/97 | 1) Unknown; 2) Unknown | Jeffrey Veazie | David Varalli |
| 1346 | BK-22 | 1974 | 05/31/74 | 11/01/08 | 12/09/08 | Remodeling | Jeffrey Veazie | David Varalli |
| 1417 | BK-22 | 1974 | 07/27/74 | 01/11/98 | 04/11/98 | Remodeling | Jeffrey Veazie | David Varalli |
| 1549 | BK-2500 | 1975 | 08/05/75 | 12/24/93 | 08/30/97 | Reopening after closing | Robert Andrews | David Varalli |
| 1572 | BK-22 | 1975 | 11/23/75 | N/A | N/A | N/A | Steve Thomas | David Varalli |
| 1646 | BK-2500 | 1976 | 04/02/76 | 10/07/99 | 07/01/00 | Fire | Chris Flanders | David Varalli |
| 1682 | BK-2500 | 1976 | 05/01/76 | 06/16/99 | 03/26/01 | Fire | Cindy Elarmo-Bergman | David Varalli |
| 1864 | BK-22 | 1977 | 01/23/77 | N/A | N/A | N/A | Robert Andrews | David Varalli |
| 1897 | BK-22 | 1977 | 05/28/77 | 12/13/97 | 03/07/98 | Unknown | Ofelia Cruthirds | David Varalli |
| 1932 | BK-22 | 1977 | 04/16/77 | 10/27/97 | 03/19/98 | Rebuild | Robert Andrews | David Varalli |

| RESTAURANT NO. | PROTOTYPE | YEAR BUILT | OPENING DATE | TEMPORARY CLOSING DATE (if any) | REOPENING DATE (if any) | REASON FOR TEMPORARY CLOSING | CURRENT FRANCHISE BUSINESS LEADER(s) (FBL) | CURRENT ASSET MANAGER |
|---|---|---|---|---|---|---|---|---|
| 1937 | BK-92 | 1977 | 06/04/77 | 01/17/94 | 01/19/94 | Unknown | Robert Andrews | David Varalli |
| 1943 | BK-22 | 1977 | 05/12/77 | N/A | N/A | N/A | Sam Wong | David Varalli |
| 2022 | BK-22 | 1977 | 05/30/77 | 1) 1/2/97; 2) 5/21/07 | 1) 1/6/97; 2) 3/21/08 | 1) unknown; 2) Restaurant closed & reopened | Sam Wong | David Varalli |
| 2032 | BK-22 | 1977 | 05/13/77 | N/A | N/A | N/A | Steve Thomas | David Varalli |
| 2055 | BK-22 | 1977 | 07/18/77 | N/A | N/A | N/A | Robert Andrews | David Varalli |
| 2119 | BK-92 | 1977 | 11/22/77 | 07/05/98 | 10/28/98 | Remodeling | Chris Flanders | David Varalli |
| 2132 | BK-22 | 1977 | 10/20/77 | 02/02/99 | 02/18/99 | Unknown | Ofelia Cruthirds | David Varalli |
| 2149 | BK-92 | 1977 | 10/28/77 | 05/18/98 | 08/04/98 | Remodeling | Pam Gigante | David Varalli |
| 2215 | BK-22 | 1978 | 02/09/78 | N/A | N/A | Perm Closed 10/31/08 | Pam Gigante, Jeffrey Veazie, Chris Flanders, Ofelia Cruthirds | David Varalli |
| 2268 | BK-22 | 1978 | 05/31/78 | 04/26/98 | 05/12/98 | Remodeling | Cindy Elarmo-Bergman | David Varalli |
| 2279 | BK-22 | 1978 | 05/10/78 | N/A | N/A | N/A | Sam Wong | David Varalli |
| 2288 | BK-92 | 1978 | 05/28/78 | N/A | N/A | N/A | Robert Andrews | David Varalli |
| 2319 | BK-92 | 1978 | 06/03/78 | N/A | N/A | N/A | Robert Andrews | David Varalli |
| 2359 | BK-92 | 1978 | 11/15/78 | 1) 9/5/89; 2) 1/17/94; 3) 5/7/00 | 1) 9/21/89; 2) 1/18/94; 3) 6/12/00 | 1) Remodeling; 2) Unknown; 3) Remodeling | Chris Flanders | David Varalli |
| 2399 | BK-22 | 1978 | 11/24/78 | 05/01/02 | 06/25/02 | Remodeling | Pam Gigante, Jeffrey Veazie, Chris Flanders, Ofelia Cruthirds | David Varalli |
| 2473 | BK-92 | 1979 | 03/19/79 | 10/03/99 | 10/08/99 | Rebuild | Jeffrey Veazie | David Varalli |
| 2474 | BK-92 | 1979 | 05/31/79 | 11/01/99 | 05/23/00 | Rebuild | Cindy Elarmo-Bergman | David Varalli |
| 2495 | BK-87 | 1979 | 05/28/79 | 02/10/03 | 02/28/03 | Remodeling | Steve Thomas | David Varalli |
| 2505 | BK-92 | 1979 | 05/31/79 | 04/20/99 | 04/22/99 | Remodeling | Sam Wong | David Varalli |
| 2521 | BK-92 | 1979 | 05/01/79 | 02/22/04 | 03/27/08 | Reopening after permanent closing | Jeffrey Veazie | David Varalli |
| 2555 | BK-92 | 1979 | 05/31/79 | N/A | N/A | N/A | Robert Andrews | David Varalli |
| 2563 | BK-92 | 1979 | 05/30/79 | 10/18/98 | 11/02/98 | Remodeling | Sam Wong | David Varalli |
| 2671 | BK-76 | 1979 | 11/05/79 | N/A | N/A | N/A | Robert Andrews | David Varalli |
| 2795 | BK-92 | 1980 | 02/27/80 | N/A | N/A | N/A | Robert Andrews | David Varalli |
| 2867 | BK-86 | 1980 | 05/11/80 | N/A | N/A | N/A | Robert Andrews | David Varalli |
| 2891 | BK-2500 | 1980 | 05/28/80 | 02/25/00 | 01/08/02 | Reopening after permanent closing | Cindy Elarmo-Bergman | David Varalli |
| 2893 | BK-86 | 1980 | 05/20/80 | 08/10/02 | 09/21/02 | Remodeling | Jeffrey Veazie | David Varalli |
| 2901 | BK-86 | 1980 | 05/22/80 | 1) 4/15/91; 2) 5/31/00 | 1) 8/29/91; 2) 6/20/00 | 1) Fire; 2) Remodeling | Jeffrey Veazie | David Varalli |
| 2976 | BK-2500 | 1980 | 05/22/80 | 09/01/98 | 07/05/01 | Reopening after permanent closing | Cindy Elarmo-Bergman | David Varalli |
| 3034 | BK-92 | 1980 | 10/14/80 | N/A | N/A | N/A | Steve Thomas | David Varalli |
| 3147 | BK-50 | 1981 | 05/05/81 | N/A | N/A | N/A | Ofelia Cruthirds | David Varalli |
| 3157 | BK-86 | 1981 | 05/04/81 | N/A | N/A | N/A | Sam Wong | David Varalli |

| RESTAURANT NO. | PROTOTYPE | YEAR BUILT | OPENING DATE | TEMPORARY CLOSING DATE (if any) | REOPENING DATE (if any) | REASON FOR TEMPORARY CLOSING | CURRENT FRANCHISE BUSINESS LEADER(s) (FBL) | CURRENT ASSET MANAGER |
|---|---|---|---|---|---|---|---|---|
| 3160 | BK-86 | 1981 | 05/01/81 | N/A | N/A | N/A | Robert Andrews | David Varalli |
| 3208 | BK-86 | 1981 | 05/28/81 | 09/09/02 | 09/23/02 | Remodeling | Cindy Elarmo-Bergman | David Varalli |
| 3217 | BK-86 | 1981 | 07/08/81 | N/A | N/A | N/A | Steve Thomas | David Varalli |
| 3233 | BK-50 | 1981 | 05/29/81 | N/A | N/A | N/A | Chris Flanders | David Varalli |
| 3246 | BK-86 | 1981 | 09/16/81 | 11/10/06 | 06/19/08 | Fire | Steve Thomas | David Varalli |
| 3316 | BK-86 | 1981 | 12/03/81 | N/A | N/A | N/A | Ofelia Cruthirds | David Varalli |
| 3355 | BK-86 | 1982 | 02/14/82 | 04/12/04 | 08/05/04 | Rebuild | Pam Gigante | David Varalli |
| 3441 | BK-50 | 1982 | 05/15/82 | 09/06/02 | 09/28/02 | Remodeling | Cindy Elarmo-Bergman | David Varalli |
| 3459 | BK-50 | 1982 | 06/16/82 | 12/10/00 | 03/20/01 | Rebuild | Cindy Elarmo-Bergman | David Varalli |
| 3530 | BK-50 | 1983 | 01/10/83 | N/A | N/A | N/A | Sam Wong | David Varalli |
| 3546 | BK-50 | 1982 | 12/19/82 | 09/13/00 | 10/11/00 | Fire | Robert Andrews | David Varalli |
| 3580 | BK-50 | 1983 | 01/17/83 | N/A | N/A | N/A | Robert Andrews | David Varalli |
| 3587 | BK-50 | 1982 | 12/07/82 | 08/16/02 | 11/02/02 | Remodeling | Pam Gigante | David Varalli |
| 3777 | BK-50 | 1983 | 05/31/83 | N/A | N/A | N/A | Pam Gigante | David Varalli |
| 3827 | BK-2500 | 1983 | 08/23/83 | 11/07/94 | 03/30/95 | Rebuild | Robert Andrews | David Varalli |
| 4039 | BK-50 | 1984 | 05/16/84 | 05/21/01 | 06/08/01 | Remodeling | Steve Thomas | David Varalli |
| 4075 | BK-50 | 1984 | 05/31/84 | N/A | N/A | N/A | Sam Wong | David Varalli |
| 4088 | Inline-Traditional | 1984 | 05/31/84 | N/A | N/A | N/A | Pam Gigante | David Varalli |
| 4405 | BK-50 | 1985 | 06/07/85 | N/A | N/A | N/A | Chris Flanders | David Varalli |
| 4514 | BK-50 | 1985 | 06/24/85 | N/A | N/A | N/A | Steve Thomas | David Varalli |
| 4516 | BK-50 | 1985 | 07/13/85 | N/A | N/A | N/A | Robert Andrews | David Varalli |
| 4552 | BK-50 | 1985 | 06/05/85 | N/A | N/A | N/A | Ofelia Cruthirds | David Varalli |
| 4641 | BK-50 | 1985 | 09/02/85 | 08/29/06 | 11/01/06 | Fire | Pam Gigante | David Varalli |
| 5150 | BK-50 | 1986 | 09/10/06 | N/A | N/A | Perm Closed 8/6/07 | Pam Gigante, Jeffrey Veazie, Chris Flanders, Ofelia Cruthirds | David Varalli |
| 5869 | Foodcourt | 1985 | 01/07/88 | N/A | N/A | N/A | Steve Thomas | David Varalli |
| 6028 | BK-50 | 1988 | 06/22/88 | N/A | N/A | N/A | Steve Thomas | David Varalli |
| 6755 | BK-50 | 1990 | 05/18/90 | N/A | N/A | N/A | Robert Andrews | David Varalli |
| 6816 | BK-2500 | 1990 | 08/12/90 | N/A | N/A | N/A | Chris Flanders | David Varalli |
| 6931 | BK-2500 | 1991 | 10/04/90 | N/A | N/A | N/A | Chris Flanders | David Varalli |
| 6947 | BK-2500 | 1990 | 10/29/90 | N/A | N/A | N/A | Sam Wong | David Varalli |
| 9913 | BK-2500 | 1996 | 12/16/96 | N/A | N/A | N/A | Robert Andrews | David Varalli |
| 10567 | BK-40 | 1997 | 04/12/97 | N/A | N/A | N/A | Pam Gigante, Jeffrey Veazie, Chris Flanders, Ofelia Cruthirds | David Varalli |
| 11490 | BK-2500 | 1998 | 08/19/98 | N/A | N/A | N/A | Chris Flanders | David Varalli |
| 13284 | BK-2500 | 2000 | 10/13/00 | N/A | N/A | N/A | Robert Andrews | David Varalli |
| 13580 | BK-2500 | 2000 | 12/06/00 | N/A | N/A | N/A | Pam Gigante | David Varalli |
| 15079 | Other | 2004 | 09/19/04 | N/A | N/A | N/A | Sam Wong | David Varalli |
| 16563 | Conversion | 2008 | 06/02/08 | N/A | N/A | N/A | Chris Flanders | David Varalli |

# Exhibit 2

# EQUIPMENT LEASE AGREEMENT

THIS EQUIPMENT LEASE AGREEMENT (the "Agreement") is made this 1st day of July, 2003, by and between **BURGER KING CORPORATION**, a Florida corporation, with its principal place of business at 17777 Old Cutler Road, Miami, Florida 33157 ("Lessor"), and **CIMM'S INCORPORATED**, whose address is 620 North Brand Boulevard, 6th Floor, Glendale, California 91203 (the "Lessee").

## W I T N E S S E T H:

WHEREAS, Lessee is a party to a Franchise Agreement with Lessor (the "Franchise Agreement") relating to the operation of Burger King® restaurant #943 in Los Angeles, California (the "Restaurant");

WHEREAS, Lessee is also a party to a Lease/Sublease Agreement with Lessor (the "Lease"), whereby Lessee leases the premises upon which the Restaurant is located (the "Premises"); and

WHEREAS, Lessee desires to lease from Lessor the restaurant decor, trade fixtures, equipment, signage and other items, as more particularly described on Exhibit "A" attached hereto and by this reference made a part hereof (collectively, the "Equipment"), which Equipment has been or will be installed on the Premises;

NOW, THEREFORE, in consideration of the premises, and for other valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

1. <u>Equipment Rental</u>. Lessor hereby leases to Lessee, and Lessee hereby leases from Lessor, all of the Equipment listed on Exhibit "A". Lessor shall determine, in its sole discretion, the type and amount of Equipment to be installed on the Premises.

2. <u>Term</u>. Unless terminated pursuant to Section 12 hereof, the term of this Agreement shall commence on the date set forth above and shall continue in effect until July 4, 2006 (the "Term").

3. <u>Rent and Payment</u>. Lessee agrees to pay, and Lessor agrees to accept, monthly rental for the Equipment in the amount of TEN AND 00/100 DOLLARS ($10.00), payable in advance on the first day of each month during the Term (the "Monthly Rent"). Lessee shall also be responsible for payment of any sales tax imposed by any taxing authority in connection with this Lease. Additionally, Lessee shall pay on or before the last day on which payment may be made without penalty or interest, all charges which may be assessed, imposed, or become due and payable in connection with the ownership, occupancy or possession of the Equipment, or any charge which may be imposed in lieu of, or as a substitution for, any such charge. At any time after the time for payment of each charge, upon Lessor's request, Lessee shall exhibit to Lessor satisfactory evidence of payment.

BKC 067919

## EXHIBIT "A"

## List of Equipment

All furniture, fixtures, equipment and trade equipment located at and/or used in connection with Burger King® Restaurant No. 943, located in Los Angeles, California

# Exhibit 3

SUCCESSOR
BURGER KING® RESTAURANT
FRANCHISE AGREEMENT

THIS AGREEMENT is made as of the 30th day of June, 2000, by and between BURGER KING CORPORATION, a Florida corporation ("BKC") and Martin Spainhower and Larry D. Delpit, Jr. ("FRANCHISEE").

INTRODUCTION

A.      BKC is the exclusive licensee of certain trademarks and service marks, including BURGER KING and HOME OF THE WHOPPER, which are registered or pending with the United States Patent and Trademark Office, and is the owner or exclusive licensee of other marks authorized for use in Burger King Restaurants (the "Burger King Marks").

B.      BKC is engaged in the business of operating and granting franchises to operate Burger King Restaurants using uniform standards, product specifications and operating procedures (the "Burger King System") and the Burger King Marks.

C.      FRANCHISEE desires to acquire a franchise to operate a Burger King Restaurant at the location for the entire Term specified in this Agreement. FRANCHISEE acknowledges that FRANCHISEE has received a copy of the Uniform Franchise Offering Circular of BKC and has had a full and adequate opportunity to be thoroughly advised of the terms and conditions of this Agreement by financial and legal counsel of FRANCHISEE'S own choosing at least Ten (10) business days, excluding weekends and Federal holidays ("Business Days") prior to its execution, and is entering into this Agreement after having made an independent investigation of BKC's operations and not upon any representation as to profits and/or sales volume which FRANCHISEE might be expected to realize, nor upon any representations or promises by BKC which are not contained in this Agreement.

In consideration of the mutual covenants contained in this Agreement, the parties agree as follows:

1.      **FRANCHISE GRANT: TERM AND LOCATION**

BKC grants to FRANCHISEE and FRANCHISEE accepts a franchise to use the Burger King System and the Burger King Marks only in the operation of a Burger King Restaurant at 3630 Tyler Street, Riverside, CA, 92505, more fully described in Exhibit "A" (the "Franchised Restaurant"). The term "Franchised Restaurant" includes the real estate described on Exhibit "A" (the "Premises") and the restaurant "Building" and all other "Improvements" constructed thereon wherever the context permits or requires. The term of this Agreement shall begin on the date set forth in the first paragraph of this Agreement (the "Commencement Date") and shall continue through the expiration date of June 29, 2020 (the "Term") unless sooner terminated in accordance with the provisions of this Agreement. FRANCHISEE agrees to operate the Franchised Restaurant at the specified location for the entire Term. FRANCHISEE accepts this franchise with the full and complete understanding that the franchise grant contains no promise or assurance of renewal. The sole and entire conditions under which FRANCHISEE will have the opportunity of obtaining a Successor Burger King Franchise Agreement at expiration are those set forth herein in Paragraph 17.

MICROFILMED

SEP 1 1 2000

cl/06/16/00/BK #1646

BKC 085785

## 5. STANDARDS AND UNIFORMITY OF OPERATION

BKC shall establish, and cause approved suppliers to the Burger King System to reasonably comply with, product, service and equipment specifications as established by BKC from time to time.

Suggestions from FRANCHISEE for improving elements of the Burger King System, such as products, equipment, uniforms, restaurant facilities, service format and Advertising, are encouraged and may or may not be considered by BKC when adopting or modifying standards, specifications and procedures for the Burger King System. FRANCHISEE acknowledges that any such suggestions made by FRANCHISEE hereunder shall become the exclusive property of BKC. BKC shall have no obligation to utilize suggestions and no obligation to provide compensation for any suggestion. FRANCHISEE may not utilize any such suggestions in the Franchised Restaurant without the prior written consent of BKC.

### A. M.O.D. Manual

FRANCHISEE acknowledges and agrees that prompt adoption of and adherence to BKC's comprehensive restaurant format and operating system, including a standardized design, decor, equipment system, color scheme and style of building and signage, uniform standards, specifications and procedures of operation, quality and uniformity of product and services offered and the provisions of the Manual of Operating Data (the "MOD Manual"), as amended from time to time, are reasonable, necessary and essential to the image and success of all Burger King Restaurants (the "Burger King Restaurant System"). The MOD Manual contains the official mandatory restaurant operating standards, specifications and procedures prescribed from time to time by BKC for the operation of a Burger King Restaurant. The MOD Manual shall be kept at the Franchised Restaurant at all times and all changes or additions made by BKC shall be inserted upon receipt. In the event of any conflict between the MOD Manual kept at the Franchised Restaurant and the master copy maintained by BKC in Miami, Florida (or such other place as may be designated by BKC) the master copy shall control.

FRANCHISEE agrees that changes in the standards, specifications and procedures may become necessary and desirable from time to time and agrees to accept and comply with such modifications, revisions and additions to the MOD Manual which BKC in the good faith exercise of its judgment believes to be desirable and reasonably necessary. The material and information set forth in the MOD Manual is confidential and proprietary to BKC and is to be used by FRANCHISEE only in connection with the operation of the Franchised Restaurant and other franchised Burger King Restaurants. The MOD Manual and other specifications, standards and operating procedures communicated in writing to FRANCHISEE shall be deemed a part of this Agreement.

### B. Franchised Restaurant

The Franchised Restaurant will be constructed and improved in the manner authorized and approved by BKC, and the appearance of the Franchised Restaurant will not thereafter be altered except as may be approved in writing by BKC.

**1. Repair and Maintenance.** FRANCHISEE shall, at its expense, continuously throughout the Term of this Agreement maintain the Franchised Restaurant in good condition and repair in accordance with BKC's then current repair and maintenance standards. During the seventh and seventeenth years of the Term, FRANCHISEE shall provide to BKC such evidence as BKC deems satisfactory, in BKC's reasonable discretion, that the Franchised Restaurant is in good condition and repair and that the Franchised Restaurant is in compliance with BKC's then current repair and maintenance standards for Burger King Restaurants.

MICROFILMED
SEP 1 1 2000

BKC 085787

# Exhibit 4

# EQUIPMENT LEASE AGREEMENT

THIS EQUIPMENT LEASE AGREEMENT (the "Agreement") is made this 1st day of July, 2003, by and between **BURGER KING CORPORATION**, a Florida corporation, with its principal place of business at 17777 Old Cutler Road, Miami, Florida 33157 ("Lessor"), and **CIMM'S INCORPORATED**, whose address is 620 North Brand Boulevard, 6th Floor, Glendale, California 91203 (the "Lessee").

## WITNESSETH:

WHEREAS, Lessee is a party to a Franchise Agreement with Lessor (the "Franchise Agreement") relating to the operation of Burger King® restaurant #2359 in Agoura, California (the "Restaurant");

WHEREAS, Lessee is also a party to a Lease/Sublease Agreement with Lessor (the "Lease"), whereby Lessee leases the premises upon which the Restaurant is located (the "Premises"); and

WHEREAS, Lessee desires to lease from Lessor the restaurant decor, trade fixtures, equipment, signage and other items, as more particularly described on Exhibit "A" attached hereto and by this reference made a part hereof (collectively, the "Equipment"), which Equipment has been or will be installed on the Premises;

NOW, THEREFORE, in consideration of the premises, and for other valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

1. <u>Equipment Rental</u>. Lessor hereby leases to Lessee, and Lessee hereby leases from Lessor, all of the Equipment listed on Exhibit "A". Lessor shall determine, in its sole discretion, the type and amount of Equipment to be installed on the Premises.

2. <u>Term</u>. Unless terminated pursuant to Section 12 hereof, the term of this Agreement shall commence on the date set forth above and shall continue in effect for a period of SEVEN (7) years (the "Term").

3. <u>Rent and Payment</u>. Lessee agrees to pay, and Lessor agrees to accept, monthly rental for the Equipment in the amount of TEN AND 00/100 DOLLARS ($10.00), payable in advance on the first day of each month during the Term (the "Monthly Rent"). Lessee shall also be responsible for payment of any sales tax imposed by any taxing authority in connection with this Lease. Additionally, Lessee shall pay on or before the last day on which payment may be made without penalty or interest, all charges which may be assessed, imposed, or become due and payable in connection with the ownership, occupancy or possession of the Equipment, or any charge which may be imposed in lieu of, or as a substitution for, any such charge. At any time after the time for payment of each charge, upon Lessor's request, Lessee shall exhibit to Lessor satisfactory evidence of payment.

BKC 113322

# EXHIBIT "A"

## List of Equipment

All furniture, fixtures, equipment and trade equipment located at and/or used in connection with Burger King® Restaurant No. 2359, located in Agoura, California

BKC 113330