United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MIGUEL CASTANEDA, on behalf of himself and others similarly situated,

Plaintiff,

v.

BURGER KING CORPORATION and BURGER KING HOLDINGS, INC.,

Defendants.

No. C 08-04262 WHA

**ORDER OVERRULING DEFENDANT'S OBJECTIONS TO DISCOVERY ORDER DATED AUGUST 19, 2009**

Defendant objects to the discovery order of Magistrate Judge James Larson of August 19, 2009, which granted plaintiffs' recent motion to compel production of documents. Federal Rule of Civil Procedure 72(a) provides that a District Court may modify a Magistrate Judge's order on a nondispositive matter when it is "clearly erroneous or is contrary to law." None of Judge Larson's findings challenged by defendant were clearly erroneous or contrary to law.

In this disability-rights action, plaintiffs are disabled individuals who use wheelchairs or scooters for mobility. They seek injunctive relief and minimum statutory damages under the Americans with Disabilities Act, the Unruh Civil Rights Act, and the California Disabled Persons Act, to remedy alleged architectural barriers to access at restaurants leased by defendant Burger King to franchisees in California. In December 2008, after the complaint was filed in this lawsuit, defendant began issuing work orders to remediate the allegedly noncompliant restaurants. Magistrate Larson granted plaintiffs' motion to compel production of

accessibility surveys that defendant's consultants made before the remediation work was completed.

Defendant contends that several of Magistrate Larson's findings were incorrect: (1) that plaintiffs could not have done similar pre-remediation accessibility surveys themselves because defendant delayed providing plaintiffs with a list of its leased restaurants until after defendant had done remediation work at those locations; (2) that plaintiffs could not obtain the information in the pre-remediation surveys from other means after the remediation work was done; (3) that plaintiffs made a sufficient showing under Federal Rule of Civil Procedure 26(b)(A)(ii) to defeat work product protection, namely, that they had a substantial need for the materials to prepare their case, and could not, without undue hardship, obtain their substantial equivalent by other means; and, (4) that the information in the accessibility surveys was relevant to plaintiffs' claims that they faced barriers to access at the restaurants.

Because none of these findings is clearly erroneous or contrary to law, defendant's objections are **OVERRULED**, and Judge Larson's discovery order is **APPROVED AND AFFIRMED**.

**IT IS SO ORDERED.**

Dated: September 25, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE