IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MIGUEL CASTANEDA, KATHERINE CORBETT, and JOSEPH WELLNER, on behalf of themselves and others similarly situated,

    Plaintiffs,

  v.

BURGER KING CORPORATION,

    Defendant.

No. C 08-04262 WHA

**ORDER MODIFYING PROPOSED FORMS OF NOTICE AND APPOINTING CLASS COUNSEL**

The Court has received the parties' proposed forms of notice to class members of the ten certified classes in this lawsuit. Plaintiffs' proposed short-form and long-form notices should be modified as follows. Because of the large potential size of "minimum statutory" damage claims in this action, this order holds that recovery of damages will only be permitted for class members who affirmatively opt-in and submit damage claims. Those who do not opt-in will have their damage claims preserved and will not lose the right to pursue those claims separately. For purposes of injunctive relief, however, those who do not opt-in will be bound by this action unless they affirmatively opt-out. The notice shall be modified as described below to reflect this procedure.

In order to ensure the widest distribution of class notice possible, the parties will take the following actions **WITHIN 14 DAYS** of approval:

    1.    Plaintiffs will create and post the notices on a case-specific website;

2. Plaintiffs will establish a toll-free 800 number where class members can request the class certification notice, leave comments, and ask questions about the lawsuit;

3. Plaintiffs will distribute the long-form notice by mail to its list of class members;

4. Plaintiffs will coordinate with northern California disability rights groups to ensure distribution of the long-form notice via newsletters, electronic listserves, and posting of the short-form notice on organization websites as appropriate;

5. Plaintiffs will send the long-form notice to individual class members who can be identified through reasonable effort; and,

6. Defendants will display the short-form notice in the ten stores at the store entrances so that they are visible while entering the store, at the service counters, and at the drive-through service windows for 30 calendar days. Each in-store notice should list all ten Bay Area BKL restaurants in this lawsuit.

Plaintiffs' proposed short-form notice (Dkt. No. 246-1) should be modified as follows:

- In the section entitled "What Is This Case About?" the second sentence of the second paragraph shall be changed to: "The Court has not decided who should win."

- In the section entitled "Who Represents Me?" the fourth sentence shall be changed to: "You may obtain your own lawyer to appear in Court for you and to participate in the lawsuit, or you may appear on your own behalf without a lawyer."

- In the section entitled "I want to be Included" the fourth sentence shall be changed to: "To be included, you must promptly contact class counsel no later than March 1, 2010."

- In the section entitled "I want to be Excluded" the fourth sentence shall be changed to: "If you wish to be excluded, you must do so in writing by March 1, 2010." The seventh sentence shall be changed to: "But, you keep any right to

sue Defendants separately about the same legal claims in this lawsuit, and to control your own lawsuit."

- The section entitled "If I do nothing" shall be changed to: "Stay in this lawsuit. Give up certain rights. By doing nothing, you do not lose your right to seek damages in a separate lawsuit. But you may give up any rights to sue Defendants separately to change any barriers that may exist at each of the 10 restaurants, and you may lose your rights to receive damages in this action if any are awarded. However, class counsel will continue to represent your interests in trying to ensure that any barriers to access that may exist at the 10 restaurants are removed."

Plaintiffs' proposed long-form notice (Dkt. No. 246-2) should be modified as follows:

- On page 2, the first sentence of the last paragraph shall be changed to: "The Court has not decided who should win."
- On page 3, in the section entitled "I want to be included" the fourth sentence shall be changed to: "To be included, you must promptly contact class counsel no later than March 1, 2010."
- On page 3, in the section entitled "I want to be Excluded" the fourth sentence shall be changed to: "If you wish to be excluded, you must do so in writing by March 1, 2009." The seventh sentence shall be changed to: "But, you keep any right to sue Defendants separately about the same legal claims in this lawsuit, and to control your own lawsuit."
- On page 3, the section entitled "If I do nothing" shall be changed to: "Stay in this lawsuit. Give up certain rights. By doing nothing, you do not lose your right to seek damages in a separate lawsuit. But you may give up any rights to sue Defendants separately to change any barriers that may exist at each of the 10 restaurants, and you may lose your rights to receive damages in this action if any are awarded. However, class counsel will continue to represent your interests in

3

trying to ensure that any barriers to access that may exist at the 10 restaurants are removed."

- On page 7, in the section entitled "12. What if I want to be Included?" the first sentence shall be changed to: "To be included, you must promptly contact class counsel no later than March 1, 2010."
- On page 8, the section entitled "13. What if I do nothing?" shall be changed to: "If you do nothing, you will still be included in the lawsuit as a class member, and will receive the benefit of any barrier removal obtained by class counsel. You do not lose your right to seek damages in a separate lawsuit. But you may give up any rights to sue Defendants separately to change any barriers that may exist at each of the 10 restaurants, and you may lose your rights to receive damages in this action if any are awarded."
- On page 8, in the section entitled "14. What if I want to be excluded?" the first sentence shall be changed to: "If you wish to be excluded, you must do so in writing by March 1, 2009."
- On page 8, in the section entitled "15. Why would I ask to be excluded?" the first sentence of the third paragraph shall be changed to: "If you start your own lawsuit against Defendants after you exclude yourself, you will have to obtain your own lawyer, or represent yourself in court, and you will have to prove your claims."

The parties' proposed exclusion form (Dkt. No. 246-3) should be modified as follows:

- The section entitled "If I do nothing" shall be changed to: "Stay in this lawsuit. Give up certain rights. By doing nothing, you do not lose your right to seek damages in a separate lawsuit. But you may give up any rights to sue Defendants separately to change any barriers that may exist at each of the 10 restaurants, and you may lose your rights to receive damages in this action if any are awarded. However, class counsel will continue to represent your interests in

4

trying to ensure that any barriers to access that may exist at the 10 restaurants are removed."

- In the section entitled "I want to be Excluded" the fourth sentence shall be changed to: "If you wish to be excluded, you must do so in writing by March 1, 2010." The seventh sentence shall be changed to: "But, you keep any right to sue Defendants separately about the same legal claims in this lawsuit, and to control your own lawsuit."

The parties shall jointly submit proposed forms of notice with the edits described above on or before **OCTOBER 20, 2009, AT NOON** to the Court for further review.

\* \* \*

With respect to the issue of class counsel, a prior order filed September 25, 2009, appointed Bill Lann Lee and his law firm as class counsel without prejudice to a motion to expand the class counsel roster for good cause shown. The principal concern with adding additional lawyers and law firms is the very real risk of inefficiencies, which was discussed in the earlier order. Class counsel have submitted an *ex parte* under-seal submission which justifies the following. The law firm of Fox & Robinson will be added as class counsel and Mari Mayeda will be added as class counsel, all with Bill Lann Lee as lead counsel. With these additions, good cause has not been shown to further add DREDF as class counsel. The Court knows DREDF as very capable in the area of disability rights but the fact remains that the team designated of Bill Lann Lee, Lewis Feinberg, Fox & Robertson and Mari Mayeda will be more than adequate to prosecute this action.

The Court will scrutinize carefully any attorney fees application and will eliminate waste due to an inordinate number of timekeepers. As stated in the earlier order, with respect to any potential attorney's fees application, please be aware of the following guidelines. One or possibly two lawyers are all that are usually needed at a hearing, depending on the difficulty and importance of the issue. One or possibly two lawyers plus one legal assistant are usually all that are needed in taking a deposition, fewer in defending, again depending on the difficulty of the witness or subject. Two lawyers, a legal assistant and an IT assistant are all that are needed

at trial. If, however, the other side uses more than those benchmarks, then plaintiffs may usually do likewise. Current time records must be kept so that the lodestar can be tabulated by project, timekeeper, hourly rate, and time spent. The overall number of timekeepers should be kept to a small, efficient core group of lawyers and legal assistants, all of whom are up to speed, with only rare instances of bringing in extra timekeepers, such as, for example, to staff an emergency motion. Using summer associates and externs is almost always inefficient so, if they are used, their time should be reduced in accordance with professional billing judgment. Again, however, if the other side objects, we will examine the other side's staffing structure and usually allow plaintiffs the same latitude employed by the opposition.

**IT IS SO ORDERED.**

Dated: October 16, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE