IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MIGUEL CASTANEDA, KATHERINE CORBETT, and JOSEPH WELLNER, on behalf of themselves and others similarly situated,

    Plaintiffs,

  v.

BURGER KING CORPORATION,

    Defendant.

No. C 08-04262 WHA

**ORDER DENYING DEFENDANT'S MOTION FOR STAY PENDING APPEAL OF DISCOVERY ORDER**

Defendant Burger King Corporation has taken an unusual appeal of the Court's order affirming Magistrate Judge Larson's discovery order dated August 19, 2009. Magistrate Judge Larson granted plaintiffs' motion to compel production of redacted versions of accessibility surveys made by defendant's consultants before undertaking remediation work at the restaurants at issue in this action. The redacted surveys contain only measurements and photographs of the restaurants. Any opinions, advice or legal strategies have been redacted. Magistrate Judge Larson found, *inter alia*, that plaintiffs had made a sufficient showing under Federal Rule of Civil Procedure 26(b)(A)(ii) of exceptional circumstances under the work product doctrine, namely, that they had substantial need for the redacted surveys to prepare their case and could not without undue hardship obtain their substantial equivalent by other means.

It would be somewhat surprising if the Ninth Circuit entertained defendant's appeal. At all events, the Court has carefully considered the submissions of the parties on whether to grant a stay, including the cascade of follow-on briefing. The Court remains convinced that there is

no basis on which to find error in Magistrate Judge Larson's opinion. The information at question is explicitly merely factual and does not include opinions, impressions, attorney advice, or attorney musings. All that was ordered to be turned over are measurements and photographs. This is the least protectable information possible. Defendant's position is equivalent to a party asking to withhold a photograph of an accident scene on the grounds that the photograph was taken by an insurance investigator working for the party's lawyer. In these circumstances, a stay is unwarranted.

As previously held in the order of October 6, 2009, defendant need not turn over the information as to any restaurant for which class certification was denied. It may furthermore delay turning over any of the information for each of the ten stores at issue until 70 days before the trial date for each particular store in question (and plaintiffs' experts may update their reports based solely on the material at issue within 30 days of the turnover). Defendant's motion for a stay is otherwise **DENIED**.

**IT IS SO ORDERED.**

Dated: October 16, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE