UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Miguel Castaneda,<br><br>    Plaintiff,<br><br>v.<br><br>Burger King Corporation,<br><br>    Defendants.<br>_____/ | No. C 08-4262 WHA (JL)<br><br>**ORDER GRANTING PLAINTIFFS' REQUEST FOR LEAVE TO SERVE ADDITIONAL INTERROGATORIES (Docket # 267)** |

## I. Background

In this disability-rights class action, plaintiff Miguel Castaneda sues Defendant Burger King Corporation ("Burger King" or "BKC") on behalf of himself and others similarly situated for violations of the Americans with Disabilities Act as well as state law. Plaintiff alleges access violations at a subset of Burger King's restaurants in California: those that Burger King leases to or from other entities.

Plaintiffs bring claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq., the Unruh Civil Rights Act, Cal. Civ. Code § 51 et seq. ("Unruh"), and the California Disabled Persons Act, Cal. Civ. Code § 54 et seq. (the "CDPA"). Architectural compliance with the ADA is evaluated against the Department of Justice Standards for Accessible Design ("DOJ Standards"). 28 C.F.R. § 36.406(a). In California, violation of Title 24 of the California Code of Regulations ("Title 24") constitutes

violation of Unruh and the CDPA. See, e.g., *Arnold v. United Artists Theatre Circuit, Inc.*, 866 F. Supp. 433, 439 (N.D. Cal. 1994).

Plaintiffs' Amended Complaint (Docket No. 72) contends that Burger King restaurants in California are not adequately accessible to the disabled. Plaintiff alleges that the leased restaurants deny customers who use wheelchairs or scooters access to restaurant services on account of architectural or design barriers or discriminatory policies or practices. Those access barriers include inaccessible parking lots, entry and restroom doors that are too heavy, queue lines that are too narrow for wheelchairs, inaccessible dining areas, and inaccessible restrooms.

Plaintiffs request, pursuant to Federal Rule of Civil Procedure 33(a)(1), leave to serve six additional interrogatories on Defendant Burger King Corporation ("BKC") requesting it to state its position(s) on relevant defenses and on "conventional building industry tolerances for field conditions." See 28 C.F.R. pt. 36, app. A § 3.2; see also Cal. Code Regs. tit. 24 (2008), § 1101B.5.

## II. Legal Standard

"Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a)(1). "Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2)." *Id.* The court must limit the extent or frequency of discovery if it finds that I) the discovery sought is unreasonably cumulative or can be obtained form a source that is more convenient, (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues. Fed. R. Civ. P. 26(b)(2)(C)(I)-(iii). "In practical terms, a party seeking leave to...serve more Interrogatories than are contemplated by the Federal Rules...must make a particularized showing of what the

discovery is necessary." *Archer Daniels Midland Co. V. Aon Risk Servs., Inc. of Minnesota*, 187 F.R.D. 578, 586 (D. Minn. 1999).

### III. Plaintiffs' Additional Interrogatories

#### 1. *Proposed Interrogatory No. 25*

Proposed Interrogatory No. 25 requests Defendant to provide its contention concerning "conventional building industry tolerances" (outlined in Department of Justice Standards) that relate to 65 basic measurements.

#### 2. *Proposed Interrogatory No. 26*

Proposed Interrogatory No. 26 asks Defendant to identify areas where barrier removals are not "readily achievable" within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181(9).

#### 2. *Proposed Interrogatory No. 27*

Proposed Interrogatory No. 27 asks Defendant to identify areas where full compliance with the provisions of the ADA are "structurally impracticable" within the meaning of the ADA.

#### 3. *Proposed Interrogatory No. 28*

Proposed Interrogatory No. 28 asks Defendant to identify areas where compliance is "technically infeasible," as provided by Department of Justice Regulations. DOJ Standards § 4.1.6(1)(j).

#### 4. *Proposed Interrogatory No. 29*

Proposed Interrogatory No. 29 asks Defendant to identify areas where Defendant has used alternative designs or technologies to permissibly depart from the requirements of the DOJ Standards.

#### 5. *Proposed Interrogatory No. 30*

Proposed interrogatory 30 asks Defendant to identify any areas where an enforcing agency has made a finding of "unreasonable hardship," as provided by the provisions of Title 24. *See, e.g.,* Title 24 (2008) § 1129B.3, Exception 1.

### IV. Discussion

### 1. *Proposed Interrogatory No. 25*

Federal Rule of Civil Procedure 33 allows a party to serve up to 25 interrogatories. Plaintiffs are free to serve Proposed Interrogatory No. 25 without leave of court.

### 2. *Proposed Interrogatories Nos. 26-30*

Plaintiffs have requested leave to propound five additional interrogatories for the purposes of assessing Defendant's proposed defenses.

In response to Plaintiffs' requests, Defendant argues that Plaintiffs do not offer a sufficient explanation for requesting more interrogatories than are provided for in Federal Rule of Civil Procedure 33. Defendant further argues that Plaintiff's requests are "premature" because they have not alleged with particularity the locations and measurements of the alleged deficiencies.

In the parties' joint statement on the issue, Plaintiffs state that the information requested will serve to narrow the disputed issues because it relates to Burger King Corp.'s defenses. Burger King argues that it does not yet know what specific allegations Plaintiffs make on accessibility issues at particular restaurants. Plaintiffs are conducting surveys of the ten relevant restaurants during the week of November 16. Burger King contends that only after the completion of that evaluation will BKC be able to determine whether it will assert the listed defenses with respect to any of those claims. If the Court grants Plaintiffs leave to propound the additional interrogatories, then Defendants ask that BKC's responses should not be required until 30 days following Plaintiffs' submission to BKC of their survey results.

Ultimately, Defendant's response is based on the false premise that the only violations at issue in this litigation are those that currently exist in the stores. Because the class period goes back to April 16, 2006, and because class members are entitled to damages for violations that have existed since that time, Plaintiffs are entitled to discovery concerning these defenses back to that time.

Plaintiffs argue that Burger King knows the violations that existed: they took surveys. See Docket No. 123 at 4. Presumably they will use those surveys to develop these

defenses. Plaintiffs must be able to take discovery and prepare for ten trials in which these defenses will be at issue.

Defendant's position that the requested interrogatories cannot be answered before Plaintiffs provide allegations of particular deficiencies is not well founded. If Defendant contends that "unreasonable hardship," "structural impracticability," "technical infeasibility," or alternative designs prevent it from complying with the regulations of the ADA, then it must provide answers so that Plaintiffs may assess these defenses.

### V. Conclusion

Based on the arguments of the parties, the complexity of the case, and the resources available to the parties, the burden imposed on Defendant by the additional interrogatories does not outweigh the relevance or importance of the information requested. This Court hereby grants Plaintiffs leave to serve Proposed Interrogatories Nos. 26-30.

IT IS SO ORDERED.

DATED: November 25, 2009

_____
James Larson
U.S. Magistrate Judge

G:\JLALL\CHAMBERS\CASES\CIV-REF\08-4262\Order grant 267.wpd