United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MIGUEL CASTANEDA, KATHERINE CORBETT, and JOSEPH WELLNER, on behalf of themselves and others similarly situated,

Plaintiffs,

v.

BURGER KING CORPORATION,

Defendant.
                                                                /

No. C 08-04262 WHA

**ORDER GRANTING DEFENDANT BURGER KING CORPORATION'S MOTION FOR RECONSIDERATION AND GRANTING IN PART OBJECTIONS TO NOVEMBER 25 DISCOVERY ORDER**

A December 23 order overruled defendant Burger King Corporation's objections to Magistrate Judge Larson's November 25 discovery order granting plaintiffs leave to serve five additional interrogatories for the purposes of assessing defendant's proposed defenses. Defendant now moves for leave to file a motion for reconsideration. The motion for leave to file a motion for reconsideration is **GRANTED**. Federal Rule of Civil Procedure 72(a) provides that a District Court may modify a magistrate judge's order on a nondispositive matter when it is "clearly erroneous or is contrary to law." Because Judge Larson's order was not clearly erroneous or contrary to law, defendant's objections are **OVERRULED**, but Judge Larson's order is **MODIFIED** as described below to be fully consistent with the October 16 order (Dkt. No. 253) which set a schedule for discovery of the information in defendant's accessibility surveys.

Plaintiff's additional interrogatories seek the following information:

### 1. Proposed Interrogatory No. 26.

Proposed Interrogatory No. 26 asks defendant to identify areas where barrier removals are not "readily achievable" within the meaning of the Americans with Disabilities Act, 42 U.S.C. 12181(9).

### 2. Proposed Interrogatory No. 27.

Proposed Interrogatory No. 27 asks defendant to identify areas where full compliance with the provisions of the ADA are "structurally impracticable" within the meaning of the ADA.

### 3. Proposed Interrogatory No. 28.

Proposed Interrogatory No. 28 asks defendant to identify areas where compliance is "technically infeasible," as provided by the DOJ Standards

### 4. Proposed Interrogatory No. 29.

Proposed Interrogatory No. 29 asks defendant to identify areas where defendant has used alternative designs or technologies to permissibly depart from the requirements of the DOJ Standards.

### 5. Proposed Interrogatory No. 30.

Proposed Interrogatory No. 30 asks defendant to identify any areas where an enforcing agency has made a finding of "unreasonable hardship," as provided by the provisions of Title 24.

Defendant argues that Judge Larson's previous order was clearly erroneous and contrary to law for three reasons. *First*, it argues that the interrogatories are premature because plaintiffs have not identified particular barriers or accessibility violations in the ten stores at issue. Defendant does not cite any authority for the proposition that plaintiffs must identify particular barriers or accessibility violations before they can serve their additional interrogatories. The information sought by these interrogatories is relevant to the subject matter involved in this

action pursuant to Rule 26(b)(1) and is not dependent on the particular barriers or accessibility violations identified by plaintiffs.

*Second*, defendant argues that Judge Larson's order is clearly erroneous because it is premised on the faulty assumption that defendant will rely on its pre-litigation surveys to support its affirmative defenses. *Third*, it argues that Judge Larson's order is inconsistent with the October 16 order because it requires the immediate disclosure of information in defendant's pre-litigation surveys while the October 16 order held that defendant could delay turning over the surveys until 70 days before the trial date for each particular store in question.

Both of these arguments assume that the only sources of information with which defendant may answer these interrogatories are the pre-litigation surveys. No such limitation appears in the interrogatories themselves. To the extent that defendant may answer these interrogatories from other sources than the pre-litigation surveys, it must answer as provided by Judge Larson's November 25 order. If information is available both in the pre-litigation surveys and in other sources, defendant must answer as provided by Judge Larson's November 25 order. To the extent that defendant's answers draw from information available *only* in the pre-litigation surveys, it may delay turning over that information for each of the ten stores at issue until 70 days before the trial date for each particular store in question.

**IT IS SO ORDERED.**

Dated: December 29, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3