IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL CASTANEDA, KATHERINE CORBETT, and JOSEPH WELLNER, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BURGER KING CORPORATION,<br><br>Defendant. | No. C 08-04262 WHA<br><br>**TENTATIVE ORDER GRANTING DEFENDANT'S MOTION TO EXTEND DISCOVERY CUT-OFF AND TO TAKE INDIVIDUALIZED DISCOVERY AS TO OPT-IN PLAINTIFFS** |

The following tentative order grants defendant's motion as follows. Plaintiffs shall file a written response to the tentative order no later than **NOON ON FEBRUARY 11, 2010.** Any reply shall be filed no later than **NOON ON FEBRUARY 12, 2010.**

\* \* \*

This is an ADA action alleging barriers to access on behalf of mobility-impaired customers of restaurants leased by defendant. Ten classes have been certified — one for each of the restaurants at which a named plaintiff allegedly encountered an access barrier — with separate trials scheduled for each class. Pursuant to a December 15 order, the fact discovery cut-off for all ten trials was January 29, 2010, and the parties were each permitted to take 25 depositions. Class members are required to opt-in to be eligible to claim individualized statutory damages pursuant to the Unruh Act and the CDPA. The deadline for persons to opt in as class members is March 1, 2010. The first trial is scheduled to begin on April 19, 2010.

Defendant Burger King Corporation now moves to extend the fact discovery cut-off and to expand the deposition limit so that it may take individualized discovery including depositions from all claimants who affirmatively opt in to the classes and who are therefore eligible for individualized statutory damages. It also seeks an order that plaintiffs be required to supplement their Rule 26 disclosures and answers to written discovery as to all such claimants who affirmatively opt in before the March 1 cut-off.

Defendant's motion is (tentatively) **GRANTED**. These are claimants with substantial potential claims and defendant could not previously depose them before the discovery cut-off because their identities were unknown. Fairness requires that these claimants submit to depositions so that defendant can learn the basis of their claims for damages. Each claimant shall submit to a two-hour deposition and shall bring all documents bearing upon his or her prayer for statutory damages to the deposition, including documentation of occasions on which he or she visited the restaurants in question. Each claimant's deposition should be held no later than one week before the earliest trial corresponding to a restaurant at which the claimant allegedly encountered a barrier to access. For example, depositions of claimants who allege that they were customers of the restaurant at issue in the first trial (located at 6021 Central Avenue, in El Cerrito) shall be held no later than **APRIL 12, 2010.** The Court expects counsel to work cooperatively to maximize the number of depositions that can be scheduled for one day. These depositions shall be scheduled without the necessity of subpoenas to claimants and it shall be plaintiffs' counsel's responsibility to ensure the availability of claimants and their documents. Other than as stated, Rule 26(a) disclosures would not be required.

**IT IS SO ORDERED.**

Dated: February 8, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2