IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MIGUEL CASTANEDA, KATHERINE
CORBETT, and JOSEPH WELLNER, on
behalf of themselves and others similarly
situated,

        Plaintiffs,

  v.

BURGER KING CORPORATION,

        Defendant.

No. C 08-04262 WHA

**FINAL ORDER
GRANTING DEFENDANT'S
MOTION TO EXTEND
DISCOVERY CUT-OFF AND
TO TAKE INDIVIDUALIZED
DISCOVERY AS TO
OPT-IN PLAINTIFFS**

This is an ADA action alleging barriers to access on behalf of mobility-impaired customers of restaurants leased by defendant. Ten classes have been certified — one for each of the restaurants at which a named plaintiff allegedly encountered an access barrier — with separate trials scheduled for each class. Pursuant to a December 15 order, the fact discovery cut-off for all ten trials was January 29, 2010, and the parties were each permitted to take 25 depositions. Class members are required to opt-in to be eligible to claim individualized statutory damages pursuant to the Unruh Act and the CDPA. The deadline for persons to opt in as class members is March 1, 2010. The first trial is scheduled to begin on April 19, 2010.

Defendant Burger King Corporation now moves to extend the fact discovery cut-off and to expand the deposition limit so that it may take individualized discovery including depositions from all claimants who affirmatively opt in to the classes and who are therefore eligible for individualized statutory damages. It also seeks an order that plaintiffs be required to

1  supplement their Rule 26 disclosures and answers to written discovery as to all such claimants

2  who affirmatively opt in before the March 1 cut-off.  On February 8, a tentative order granting

3  the motion was shared with the parties and their written feedback was solicited.

4  After consideration of the parties' responses, defendant's motion is **GRANTED** as

5  follows.  The parties have agreed that only class members who claim damages for more than

6  two visits to the restaurants at issue in this litigation (or those class members' guardians,

7  representatives or assistants as appropriate) should submit to depositions and the depositions

8  should not exceed two hours each.  Each claimant shall bring all documents bearing upon his or

9  her prayer for statutory damages to the deposition, including documentation of occasions on

10 which he or she visited the restaurants in question.  Each claimant's deposition should be held

11 no later than one week before the earliest trial corresponding to a restaurant at which the

12 claimant allegedly encountered a barrier to access.  For example, depositions of claimants who

13 allege that they were customers of the restaurant at issue in the first trial (located at 6021

14 Central Avenue, in El Cerrito) shall be held no later than **APRIL 12, 2010.**  The Court expects

15 counsel to work cooperatively to maximize the number of depositions that can be scheduled for

16 one day.  These depositions shall be scheduled without the necessity of subpoenas to claimants

17 and it shall be plaintiffs' counsel's responsibility to ensure the availability of claimants and their

18 documents.  Other than as stated, Rule 26(a) disclosures shall not be required.

19 Plaintiffs have requested permission to hire additional counsel to the extent that there is

20 overlap among the scheduled trials and depositions taken for subsequent trials.  This request is

21 **DENIED**.  Plaintiffs previously moved for the appointment of (1) Lewis, Feinberg, Lee, Renaker

22 & Jackson, P.C., (2) Fox & Robertson, P.C., (3) Disability Rights Education & Defense Fund,

23 (4) Mari Mayeda and (5) Law Offices of Antonio Lawson as class counsel in this matter (Dkt.

24 No. 138).  A subsequent order appointed as class counsel only (1) Lewis Feinberg, (2) Fox &

25 Robertson and (3) Mari Mayeda as class counsel (Dkt. No. 252).  As previously stated in that

26 order, the principal concern with adding additional lawyers and law firms is the very real risk of

27 inefficiencies.  One or possibly two lawyers plus one legal assistant are usually all that are

28 needed in taking a deposition, fewer in defending, depending on the difficulty or witness or

United States District Court

For the Northern District of California

subject. Two lawyers, a legal assistant and an IT assistant are all that are needed at trial. Given that plaintiffs' most recent electronic filings indicate at least six attorneys are actively working on this matter from the firms already approved as plaintiffs' counsel of record, plaintiffs have not demonstrated a need to add still more lawyers to defend depositions limited to two hours, even if those depositions overlap with the trial schedule in this matter.

**IT IS SO ORDERED.**

Dated: February 17, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3