IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL CASTANEDA, KATHERINE CORBETT, and JOSEPH WELLNER, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BURGER KING CORPORATION,<br><br>Defendant.<br>_____/ | No. C 08-04262 WHA<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT** |

**INTRODUCTION**

This is an ADA action alleging barriers to access on behalf of mobility-impaired customers of restaurants leased by defendants. Ten classes have been certified — one for each of the restaurants at which a named plaintiff allegedly encountered an access barrier — with separate trials scheduled for each class. Plaintiffs and defendant now move for preliminary approval of a stipulated settlement agreement that would resolve this action as to all ten certified classes. The parties have reached a settlement that is sufficiently fair and reasonable for damages claimants and absent class members that it should receive at least preliminary approval. Accordingly, the joint motion for preliminary approval of the proposed settlement is **GRANTED**.

**STATEMENT**

Named plaintiffs, Miguel Castaneda, Katherine Corbett, and Joseph Wellner, use wheelchairs or scooters for mobility. They brought this action to remedy alleged architectural barriers to access at restaurants that defendant Burger King Corporation leases to franchisees in California. The putative class sued for an injunction ordering defendant to adopt policies that would ensure access for customers who used wheelchairs and scooters and to bring the leased restaurants into compliance with the Americans with Disabilities Act, 42 U.S.C. 12101, Section 51 of the California Civil Code (the Unruh Civil Rights Act), and Section 54 of the California Civil Code (the California Disables Persons Act). They also sought the statutory minimum damages for each offense, which includes $4,000 for each violation. Plaintiffs alleged that a violation occurred each time a patron visited a store and encountered an access barrier there.

Plaintiffs sought to certify a single class including patrons of all Burger King restaurants in California leased by Burger King to franchisees. There were approximately 92 such stores. A September 2009 order held that whether or not any particular store was ever out of ADA compliance would have to be determined store by store and feature by feature, and therefore certified a separate class for each of the ten individual restaurants where a named plaintiff encountered alleged access barriers (Dkt. No. 226). Class members were required to opt-in to be eligible to claim individualized statutory damages pursuant to the Unruh Act and the CDPA. The deadline for persons to opt in as class members was March 1, 2010. Three hundred eighty-two people opted in by the deadline. An additional 27 individuals contacted class counsel and may or may not be damages claimants. The parties have agreed that these individuals shall be sent damages notices and claims forms and shall be allowed to make valid claims for monetary damages if they so choose.

The first trial — for the class of patrons of the Burger King restaurant located at 6021 Central Avenue, in El Cerrito — is scheduled to begin on April 19, 2010. Summary judgment motions relating to that class were pending when the parties filed their joint motion for preliminary approval of class settlement. The motion for preliminary approval was heard on

2

March 18, 2010, on shortened time in lieu of the hearing on the parties' cross-motions for summary judgment which had been scheduled for the same day.

## ANALYSIS

**1.    BENEFIT TO CLASS MEMBERS.**

The proposed settlement agreement provides for injunctive relief, including the elimination of alleged accessibility barriers, the use of mandatory checklists with specific accessibility items for remodeling, alterations, repairs and maintenance, and the monitoring of compliance at the ten restaurants. The agreement requires three types of periodic access surveys including (1) daily surveys conducted by tenant franchisee managers to ensure frequently-changing elements remain in compliance such as that movable condiment dispensers are kept within reach of persons in wheelchairs and that the path of travel to restrooms is not obstructed, (2) mid-level surveys conducted every three years including items such as parking lot restriping and restroom fixture, and (3) successor remodel surveys conducted whenever a restaurant is remodeled, which occurs approximately once every 20 years. The proposed settlement agreement provides for the Court to retain jurisdiction to enforce the terms of settlement for six years after the settlement agreement has been finalized.

The settlement also provides for a cash payment of $5,000,000 to the named plaintiffs and the 382 class members who opted in stating that they wished to pursue damages claims before the deadline on March 1, 2010. Monetary awards to each claimant will be distributed *pro rata* based on the total number of visits by each damages claimant to one of the ten restaurants where he or she encountered a barrier, with a maximum number of six visits for which each damages claimant can obtain recovery. Each of these damage claimants must complete a claim form documenting his or her eligible visits. Payment for the costs of notifying the class up to $15,000 and administering the settlement up to $50,000 shall be paid by class counsel, while costs above those amounts shall come from the settlement fund. Nevertheless, the parties estimate that even after such funds are deducted, each of the 385 claimants will receive over $4000 per eligible visit up to six visits. The average recovery is approximately $13,000 for each claimant (Fox Decl. ¶ 2).

3

Plaintiffs estimated damages as high as $20,000,000 with respect to the ten certification restaurants (Fox Decl. ¶ 8). Nevertheless, this assumed that plaintiffs could recover $4,000 per visit to each restaurant by a class member, which would have been disputed at trial. The parties say that on a per-class-member and per-facility basis, this settlement is the highest monetary settlement ever in a disability access case involving public accommodation (Br. at 1). It is at the least an adequate recovery in light of the risks of litigation.

The breadth of the release to be imposed on the absent class members is sufficiently narrow. With respect to injunctive relief, the proposed settlement binds not only the damages claimants but also absent class members including:

> "all individuals with mobility-impairment disabilities who use wheelchairs or electric scooters for mobility who, at any time on or after April 16, 2006, were denied, or are currently being denied, on the basis of their mobility-impairment disability, full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of one or more of [the ten restaurants]."

Absent class members who have not pursued damages claims release only non-monetary claims relating to the accessibility of the ten restaurants based on conduct preceding final approval of the settlement agreement. Given the scope of injunctive relief provided for on their behalf by the proposed settlement, and the fact that they do not release any claims for monetary damages, this is not an unreasonably broad release.

Damages claimants, by contrast, are required to release all damages relating to accessibility at the restaurants including monetary damages if they do not submit a form opting out of receiving a monetary award. The parties have agreed that if more than 30 damages claimants opt out of the class, or if the aggregate claims of damages claimants who opt out exceeds $500,000, defendant Burger King Corporation may declare the agreement null and void.

4

**2. ATTORNEY'S FEES AND INCENTIVE FEES.**

The parties say that attorney's fees will not come from the $5,000,000 in the damages fund, but shall be paid separately by defendant. The parties have agreed that defendant Burger King Corporation will not oppose a request of attorney's fees and costs up to $2,500,000. In addition, lead plaintiffs intend to apply for incentive payments to compensate them for time and expenses. Generally, additional benefits to named plaintiffs beyond those received by the rest of the class are disfavored. If a settlement is not good enough for named plaintiffs, it is usually not good enough for the class. Nevertheless, that issue need not be resolved at this stage of preliminary approval.

Class members must have an opportunity if they so choose to object to structuring the attorney's fees in this manner. The parties must file a motion for final approval of settlement and a motion for attorney's fees and any incentive payments for named plaintiffs no later than **MAY 17, 2010.** This motion must be posted to the website established by class counsel. The notices shall also be amended to inform class members that they have the right to object to the structure and amount of attorney's fees and incentive payments. This will give the class members an opportunity to object to the amount of attorney's fees and incentive payments if they desire to do so.

**3. NOTICE TO CLASS MEMBERS.**

The parties have submitted proposed forms of notices of injunctive relief as well as notices to damages claimants. They propose to post short-form notices at the ten restaurants for 30 calendar days, use a case-specific website and toll-free phone number, and to send long-form notices to advocacy groups. They also propose mailing notice to damages claimants to the last known address of each damages claimant and potential damages claimant. The forms of the proposed notices include an adequate summary of the proposed settlement to inform class members of the terms of settlement.

As noted above, the notices must be edited to inform class members that they have the right to object to the structure and amount of attorney's fees. On the first page of all notices, the following must be added:

> "Class counsel shall file with the Court an application for attorney's fees, costs, and incentive fees for the named plaintiffs no later than May 17, 2010. You may view this application online at www.burgerkingclassaction.net after May 17, 2010. If you disagree with the amount or structure of these fees, you may file a written objection or present oral objections at the Fairness Hearing."

The deadline for notice to issue shall be **APRIL 1, 2010.** The parties must file a motion for final approval of settlement and a motion for attorney's fees and any incentive payments for named plaintiffs no later than **MAY 17, 2010.** Damages claimants shall have until **JUNE 7, 2010,** within which to opt out of the monetary provisions of the settlement. Class members shall have until **JUNE 7, 2010**, to submit objections to the settlement. If more than 30 damages claimants opt out of the class, or if the aggregate claims of damages claimants who opt out exceeds $500,000, defendant Burger King Corporation may declare the settlement null and void no later than **NOON ON JUNE 17, 2010.** If it does so, it must immediately so inform the Court. A final approval hearing shall be held on **JULY 8, 2010, AT 8:00 A.M.** The deadline for damages claimants to submit claims forms shall be no later than **AUGUST 13, 2010.**

**IT IS SO ORDERED.**

Dated: March 18, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE